657 F.2d 102
 MICHIGAN ASSOCIATION FOR RETARDED CITIZENS, et al.,
Plaintiffs-Appellees.
American Federation of State, County and Municipal
Employees, AFL-CIO, Proposed Intervenor-Appellant,
v.
Donald C. SMITH, M.D., et al., Defendants-Appellees.
 No. 80-1087.
 United States Court of Appeals,
Sixth Circuit.
 Argued June 9, 1981.
Decided Aug. 21, 1981.
 
 George B. Washington, Zwerdling & Maurer, Mary Elizabeth Bunn, Detroit, Mich., for C# 25 AFSCME.
 Frank J. Kelley, Michigan Atty. Gen., William J. Campbell, Thomas Wheeker, David T. Versepit, Lansing, Mich., John E. Stempfle, Detroit, Mich., Michael J. Kiley, Lansing, Mich., Brian J. O'Malley, Michigan Protection and Advocacy Service for Developmentally Disabled Citizens, Lansing, Mich., for plaintiffs-appellees.
 Robert A. Derengoski, Sol. Gen., Thomas L. Casey, Asst. Atty. Gen., Lansing, Mich., for defendants-appellees.
 Before KEITH, Circuit Judge, PHILLIPS, Senior Circuit Judge, and BERTELSMAN, District Judge.*
 PHILLIPS, Senior Circuit Judge.
 
 
 1
 The sole issue on this appeal is whether the district court erroneously denied the application of the appellant labor union to intervene. Intervention of right as well as permissive intervention were denied on the ground that the application was untimely. We hold that the district court did not abuse its discretion and affirm.
 
 
 2
 This class action was commenced to improve the plight of the approximately eight hundred mentally handicapped persons who reside at the Plymouth Center for Human Development, an institution located in Plymouth, Michigan. The plaintiff-appellees are the Michigan and Plymouth Associations for Retarded Citizens and twelve representative individuals all of whom are residents of the Plymouth Center. This case was certified as a class action on behalf of the remaining residents of the center. The defendant-appellees are the Director and a Regional Director of the Michigan Department of Mental Health and the Director of the Plymouth Center. The proposed-intervenor-plaintiff-appellant is the American Federation of State, County and Municipal Employees, AFL-CIO, Michigan Council 25 and Local 1837 (the Union). The Union is the representative of the 1,100 employees of the Plymouth Center.
 
 
 3
 In March 1978 District Judge Charles W. Joiner issued a preliminary injunction which, among other things, created a group of monitors who were directed to observe and inspect conditions at the center and to report to the court on a monthly basis. The monitors filed seventeen monthly reports. These reports, wrote Judge Joiner, "... have convinced the court that enormous progress has been made in the care and treatment of the residents of the center."
 
 
 4
 Eighteen months following the commencement of this action the original parties entered into a stipulation concerning the future of the Plymouth Center. Judge Joiner wrote that, "This stipulation was the result of countless hours of difficult work, and was motivated ... by a genuine concern for the welfare of the ... individuals who reside at the Plymouth Center." Judge Joiner entered a comprehensive memorandum opinion, order and decree, reported at 475 F.Supp. 990 (E.D.Mich.1979), which is in accordance with the stipulation.
 
 
 5
 The opinion contemplates a significant reduction in the population of the Plymouth Center and, the Union apparently believes, a similar reduction in the number of persons employed by the center. The opinion favors small scale community residence over large scale institutionalization for most residents of the Plymouth Center. It requires more stringent employment standards, training programs to increase employee skills and the development of employee disciplinary policies and procedures. It also contemplates the development of Individual Program Plans for each of the residents of the center. For further details reference is made to the published opinion of the district court.
 
 
 6
 Following the entry of the opinion of the district court the Union filed an application for both permissive and intervention of right pursuant to Fed.R.Civ.P. 24(a) and (b). Rule 24 in pertinent part provides:
 
 
 7
 (a) INTERVENTION OF RIGHT. Upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 
 
 8
 (b) PERMISSIVE INTERVENTION. Upon timely application anyone may be permitted to intervene in an action ... when an applicant's claim or defense and the main action have a question of law or fact in common.
 
 
 9
 ....
 
 
 10
 In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
 
 
 11
 Denying the application to intervene, Judge Joiner held:An essential element ... of intervention ... is a timely application by the person seeking to intervene. In this case, (the Union's) motion was made 20 months after the inception of the litigation, and 1 month after the entry of this court's Memorandum Opinion, Order and Decree. Allowing intervention at this point would seriously delay the parties' ability to implement the provisions of the Consent Decree, and this delay would necessarily work to the detriment of the individuals for whose welfare this suit was instituted.
 
 
 12
 (The Union) asserts, however, that the reason it postponed making its motion to intervene was the fact that it did not consider the interests of the employees to be adversely affected by the interim orders issued by this court. (The Union) maintains that the remedial provisions of the Consent Decree, however, adversely affect the employees' interests, and for this reason intervention should be allowed.
 
 
 13
 This court is aware of the concern which (the Union) has for the career futures of the employees it represents, and it is sympathetic to those concerns. This is not, however, a situation in which the employees and their bargaining representative were caught totally unaware of the possibility that the rights of the Center's residents would have to be protected by means which would affect conditions of employment at the Center. Indeed, the first order entered by this court (on March 3, 1978) affected staffing, patient-staff ratios, and other aspects of treatment which impacted on employment conditions. Moreover, this case has generated a great deal of public concern and scrutiny, and has thus received extensive media coverage.
 
 
 14
 In view of the fact that this motion was filed after entry of the Consent Decree even though (the Union) and the employees it represents were aware of the broad scope of this litigation, and also in view of the fact that intervention at this late date would work to delay implementation of the remedial provisions of the Consent Decree to the detriment of the residents of Plymouth Center, it is my conclusion that (the Union's) application to intervene was not made in a timely manner.
 
 
 15
 An application for permissive or intervention of right must be timely. Fed.R.Civ.P. 24(a) and (b) and NAACP v. New York, 413 U.S. 345, 365, 93 S.Ct. 2591, 2602, 37 L.Ed.2d 648 (1973). If untimely, intervention must be denied. Id., 365, 93 S.Ct. 2602. Timeliness is a matter within the sound discretion of the district court. Id., 366, 93 S.Ct. 2603. Unless this discretion is abused, the court's ruling will not be disturbed on review. Id., 366, 93 S.Ct. 2603.
 
 
 16
 "Although the point to which the suit has progressed is one factor in the determination of timeliness, it is not solely dispositive." Id., 366, 93 S.Ct. 2603. "Timeliness is to be determined from all the circumstances." Id., 366, 93 S.Ct. 2603. Among the other circumstances to be considered are these: (1) the purpose for which intervention is sought, Hodgson v. United Mine Workers of America, 473 F.2d 118, 129 (D.C. Cir.1972); (2) the length of time preceding the application for intervention during which the proposed intervenor knew or reasonably should have known of his interest in the case, Stallworth v. Monsanto Co., 558 F.2d 257, 264 (5th Cir. 1977); (3) the prejudice to the original parties due to the proposed intervenor's failure after he knew of or reasonably should have known of his interest in the case promptly to apply for intervention, Culbreath v. Dukakis, 630 F.2d 15, 21 (1st Cir. 1980) and (4) the existence of unusual circumstances militating against or in favor of intervention, Culbreath, supra, 24 and Stallworth, supra, 266.
 
 
 17
 Applying these principles and for the reasons stated by District Judge Joiner, we conclude that the district court did not abuse its discretion by denying the application of the Union to intervene.
 
 
 18
 The costs of this appeal are taxed against the appellant Union. affirmed.
 
 
 
 *
 Honorable William O. Bertelsman, Judge, United States District Court for the Eastern District of Kentucky, sitting by designation