**In re BETHEL RESOURCES, INC., Debtor.**

**Larry E. STAATS, Trustee, Plaintiff,**

**v.**

**Dr. Ivan E. AMERINE, et al., Defendants.**

**Bankruptcy No. 2–81–04550.
Adv. No. 2–85–0266.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Jan. 29, 1987.

Sharon V. Fladen, William S. Pidcock, Canton, Ohio, for Rubicon Industries, Inc.

George M. Hauswirth, Porter, Wright, Morris & Arthur, Columbus, Ohio, for Larry E. Staats, trustee of Bethel Resources, Inc.

Larry E. Staats, Columbus, Ohio, trustee.

## ORDER GRANTING MOTION TO INTERVENE AND ANSWER

B. J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon a Motion to Intervene and Answer and a supplemental memorandum thereto filed on

behalf of Rubicon Industries, Inc. ("Rubicon"). The duly-appointed Chapter 7 trustee and plaintiff in this adversary proceeding, Larry E. Staats ("Trustee"), filed a memorandum opposing Rubicon's motion for intervention. For the reasons set forth below, the Court determines that Rubicon should be allowed to intervene and answer in this proceeding.

The Trustee commenced this adversary proceeding on October 16, 1985 seeking to avoid certain transfers of working interests in oil and gas wells made between the debtor, Bethel Resources, Inc., and fifty-nine (59) defendants pursuant to 11 U.S.C. §§ 547 and 548. Rubicon asserts that it is an assignee of certain defendants' working interests in the oil and gas leases which are the subject of the Trustee's avoidance action.

Attached to Rubicon's supplemental memorandum are copies of separately executed assignments of working interests in certain oil and gas leases in favor of Rubicon from thirty-six (36) of the defendants originally named in the Trustee's complaint. Those assignments apparently took place on various dates in December, 1985, approximately two (2) months after the Trustee initiated this action. None of the purported assignor/defendants have responded to the Trustee's complaint by answer or otherwise. Accordingly, the Trustee has sought judgment by default against twenty-eight (28) of them.

In light of these assignments and the nature of the Trustee's action, Rubicon asserts that it is so situated that disposition of the action as proposed may, as a practical matter, impede its ability to protect its interests, and that its interests are not adequately protected by existing parties. Accordingly, Rubicon moves the Court to permit it to intervene as a party-defendant in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7024.

The Trustee opposes Rubicon's intervention essentially upon a time-bar argument. The Trustee reasons that, given the default posture against the primary assignor/defendants, it is now too late to allow Rubicon to intervene in this proceeding as the purported new owner of the working interests.

Fed.R.Civ.P. 24(a)(2), made applicable to this proceeding by Bankruptcy Rule 7024, states in pertinent part:

Upon timely application anyone shall be permitted to intervene in an action * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

■ An application for intervention, whether permissive or as a matter of right, must be made timely. *Michigan Association For Retarded Citizens v. Smith*, 657 F.2d 102, 105 (6th Cir.1981), citing *NAACP v. New York*, 413 U.S. 345, 365, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973). Timeliness is a matter within the sound discretion of the Court and is a flexible concept that should be determined in light of all the circumstances in a particular case. 3B *Moore's Federal Practice* § 4.13 (1985). Among those factors to be considered are: (1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application for intervention during which the proposed intervenor knew or should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or should have known of his interest in the case promptly to apply for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Michigan Association for Retarded Citizens*, 657 F.2d at 105.

In the present case, Rubicon seeks intervention in order to protect its purported ownership interests in the oil and gas leases which are the subject of the Trustee's avoidance action. Although this litigation has progressed to the point of partial disposition upon motions for default and summa-

ry judgment, no judgments have been rendered on those motions and no pretrial conferences have been held.

■ As previously mentioned, all of the assignments in the oil and gas leases made in favor of Rubicon occurred in December, 1985, the last taking place on December 27, 1985. Rubicon filed its motion to intervene on January 14, 1986. Thus, only a minimal amount of time lapsed between Rubicon's purported acquisitions in December, the earliest point in time at which Rubicon could have known of its interest in the pending case, and the date on which it filed its motion to intervene. Under these circumstances, the Court concludes that Rubicon's motion to intervene was "timely."

■ The Court further finds that Rubicon satisfies the three (3) prong test for intervention as of right as set forth in Fed.R.Civ.P. 24(a)(2). First, Rubicon asserts the requisite interest in the property that is the subject matter of the litigation. The Trustee's complaint seeks recovery of the same working interests in the oil and gas leases in which Rubicon asserts a percentage ownership by way of assignment, and thus, Rubicon meets the requirement that its interest be "a significant protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971).

The second prong of the test is whether the disposition of the action as a practical matter may impair or impede Rubicon's ability to protect that interest. *The Triax Company v. TRW, Inc. and Conco, Inc.*, 724 F.2d 1224, 1227 (6th Cir.1984). Because the Trustee's action seeks to avoid the transfers of these interests to Rubicon's assignors, and because the Bankruptcy Code permits, under specific circumstances, recovery from a subsequent transferee, Rubicon may need to assert its applicable defenses to the Trustee's causes of action in this proceeding. The Court concludes that denial of the motion to intervene could, therefore, impair or impede Rubicon's ability to protect its interests in the assignments.

The third prong of the test is whether the parties already in the litigation can adequately protect the interests of the proposed intervenor. *Triax*, 724 F.2d at 1227. Because all parties to this action asserted by Rubicon to be assignors of its interests have defaulted in answer to the Trustee's complaint, it is clear that such parties have chosen not to protect Rubicon's asserted interest. Indeed such parties may presently lack motivation to protect interests they no longer hold.

Based upon the foregoing, Rubicon's motion to intervene is sustained and its proposed answer will be considered as opposition to the relief sought by the Trustee with regard to the working interests it holds. Likewise, Rubicon's opposition to the Trustee's motion seeking summary judgment will be considered opposition to judgment against those interests from which Rubicon asserts assignment.

IT IS SO ORDERED.