UNITED STATES of America, Plaintiff,

Bay Mills Indian Community, Sault Ste. Marie Tribe of Chippewa Indians, Grand Traverse Band of Ottawa and Chippewa Indians, Intervening Plaintiffs,

v.

STATE OF MICHIGAN, and its agents, A. Gene Gazlay, Director of the Department of Natural Resources; Henry J. Vondett, Acting Chief, Fisheries Division, Department of Natural Resources; George Dahl, Chief Enforcement Division, Department of Natural Resources Commission; Defendants.

No. M 26–73.

United States District Court,
W.D. Michigan, S.D.

May 26, 1987.

Peter C. Monson, U.S. Dept. of Justice, Land and Natural Resources Div., Indian Resources Section, Washington, D.C., Julie Woods, Asst. U.S. Atty., Grand Rapids, Mich., Marianna Shulstad, U.S. Dept. of Interior, Scott McElroy, Native American Rights Fund, Boulder, Colo., William Rastetter, Cedar, Mich., Daniel Green, Marquette, Mich., for plaintiffs.

Kevin T. Smith, State of Mich., Robert L. Harley, Jr., Lansing, Mich., for proposed intervenors.

## OPINION

ENSLEN, District Judge.

Presently pending before the Court for decision in this case is a motion to intervene filed on December 11, 1986 by a group called the Northern Great Lakes Commercial Fisherman's Association and certain individuals affiliated with such group (collectively called the "Association"). The Association represents the crew members of the Michigan-licensed commercial fishing boats that have been displaced because of the Agreement for Entry of Consent Order this Court entered as an order of the Court on May 31, 1985. The Association and its member seek to intervene in this matter because they have lost their jobs as a result of state-ordered fishing closures arising from this Court's May 31st Order, and because they wish to have some forum in which they can remedy their grievances. The Association also has filed suits in state court against the State and its officers and agents and against the state-licensed commercial fishermen for whom its members used to work.

The Court sympathizes with the plight of the Association and its members. They are among the many who have suffered adverse consequences from the entry and implementation of the fishing decree in this case. For the reasons discussed below, however, the Court must deny the pending motion to intervene. There are several bases for the Court's decision, some if not all of which the Association may be able to address if it wishes to pursue this matter further. The Court therefore will deny the Association's motion without prejudice to the right of the Association and its members to renew their motion, or otherwise to seek representation in this matter, if and when they are able to resolve the Court's concerns.

### Discussion

The Association filed its motion pursuant to rule 24(a)(2) of the Federal Rules of Civil Procedure, which provides in pertinent part that "[u]pon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." FRCP 24(a)(2). A proposed intervenor as a matter of right under rule 24(a)(2) must satisfy four conditions: (1) the application to intervene must be timely; (2) the intervenor must have a significant protectable interest in the subject matter of the litigation; (3) the intervenor must show that the disposition of the action may as a practical matter impair or impede his ability to protect that interest; and (4) the intervenor must show that the parties already in the litigation cannot adequately protect that interest. *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1227 (6th Cir.1984).

The Association argues that its application satisfies these four factors, and that the Court accordingly must grant it. First, the Association argues that its application is timely, even though it has been fourteen years since the suit was filed and approximately two years since the Court issued its

May 31st Order, for three reasons: (1) the suit is still continuing, and the Court has retained jurisdiction to supervise the implementation of the decree; (2) the Association's members seek to intervene for a proper purpose, *i.e.,* to protect their livelihood; and (3) although the Association and its members have been aware of the suit since 1973, before the spring of 1986 they had no reason to believe that the suit would adversely affect their interests. Second, the Association argues that its members' relationship with their former employers is a significant interest deserving of protection. Third, the Association argues that absent intervention, its members will be unable to protect that interest. It notes in particular that the State seeks to dismiss the suit the Association has filed against it in state court on the ground that this Court retains exclusive jurisdiction to decide the Association's claims. Finally, the Association argues that no existing party is adequately representing its interests in this suit.

■ The Court does not believe that the Association and its members have adequately justified their request to intervene, and thus will deny their motion without prejudice. I reach this decision for seven reasons. First, I am concerned about the Eleventh Amendment implications of allowing the Association and its members to intervene in this suit. Although it is unclear what claims the proposed intervenors seek to raise, based on their state court suits it appears that they would raise claims against the State and against their former employers, the licensed commercial fishermen. With regard to their claims against the State, the proposed intervenors have not shown why the Eleventh Amendment would not prevent the Court from hearing such claims. With regard to their claims against their former employers, the proposed intervenors have failed to establish a jurisdictional basis for the Court to decide such claims.

■ Second, the proposed intervenors have failed to submit a "pleading setting forth the claim or defense for which intervention is sought." FRCP 24(c). The Court thus does not know the precise basis for the proposed intervenor's desire to intervene, or the effect their intervention would have on this suit. Third, the Court is not satisfied that the Association's application is timely. I note in particular that although the entry of the decree does not create an absolute bar to intervention, it does significantly heighten the Association's burden of establishing that the application is timely. At this point, I cannot find that the Association has met that burden. Specifically, I find that the proposed intervenors have failed to support their explanation for their failure to have sought intervention before the entry of the May 31, 1985 decree, and that the parties to this suit would probably be prejudiced by the Association's failure, after it knew or reasonably should have known of its interest in the case, "promptly to [have] appl[ied] for intervention." *Michigan Association for Retarded Citizens v. Smith,* 657 F.2d 102, 105 (6th Cir.1981).

■ Fourth, the Court is not convinced that it has exclusive jurisdiction to decide the proposed intervenors' claims. Paragraph 55 of the decree or agreement provides that "[t]he Court shall retain continuing jurisdiction over this matter including disputes arising from the reduction of harvest by State licensees for the life of this agreement and thereafter." Although the proposed intervenors arguably present a dispute "arising from the reduction of harvest by State licensees," I believe that their claims more properly raise questions of state law that state courts should resolve. At a minimum, I am not sure, at this time, that the proposed intervenors' dispute falls under paragraph 55. No party has suggested that it does, and I decline to so find at this time. If the proposed intervenors wish to pursue their request further, they should explore and discuss the significance of this paragraph. At this time, however, the Court interprets the paragraph as covering only disputes between the state licensees and the parties, and not disputes between the state licensees and their former

employees or between the State and such employees.

■■■■ Fifth, the proposed intervenors have failed to provide legal support for their argument that they have a protectable interest in this matter. They may well have a significant protectable interest within the meaning of rule 24(a)(2). They have failed, however, to support the existence of such an interest. Sixth, the proposed intervenors have failed to demonstrate that the State cannot, or has failed to, adequately protect their interests in this matter. The Court is aware that the State presently does not intend to compensate the proposed intervenors for any losses they have incurred because of the May 31st Order. I am not sure, however, if that factor, by itself, suffices to rebut the presumption that the State has acted in this matter on behalf of all of its citizens. *See Washington v. Washington State Commercial Passenger Fishing Vessel Association*, 443 U.S. 658, 692–93 n. 32, 99 S.Ct. 3055, 3078 n. 37, 61 L.Ed.2d 823 (1979); *Badgley v. City of New York*, 606 F.2d 358, 364 (2d Cir.1979).

■■■■ Finally, and perhaps most importantly, the Court believes that the proposed intervenors' claims implicate issues of state law that state courts should resolve. I note that the proposed intervenors have filed state court suits against both the State and their former employers. The Court takes no position regarding the State's responsibility for the plight of the Association and its members. I merely observe that whether such a responsibility exists appears to be a question of state law that the state courts should address, and which I probably have no jurisdiction to resolve.

For the above reasons, the Court will enter an order denying the proposed intervenors' motion to intervene without prejudice. The proposed intervenors may renew their motion if and when they are prepared to address the Court's concerns. They may, moreover, apply for *amicus curiae* status if they believe such status would address their concerns.