873 F.2d 115
 13 Fed.R.Serv.3d 855
 Arkamel Ray SALES, Plaintiff-Appellant,
v.
R.C. MARSHALL, Warden, et al., Defendants,
John Horn, Nursing Supt., Nancy Shaw, Nurse, Roger
MacAlister, Nurse, Defendants-Appellees.
William HUNTER, Plaintiff-Appellee,
v.
Huey BLAIR, et al., Defendants,
State of Ohio/SOCF, Intervenor-Appellant.
 Nos. 87-3568, 88-3411 and 87-4151.
 United States Court of Appeals,
Sixth Circuit.
 Argued Feb. 2, 1989.
Decided April 21, 1989.
 
 Robert F. Laufman (argued), Cincinnati, Ohio, for Ray Sales and William Hunter.
 Arkmael Ray Sales, Lucasville, Ohio, pro se.
 Christian B. Stegeman (argued), Asst. Atty. Gen., Cincinnati, Ohio, for John Horn, Nancy Shaw, Roger MacAlister, and State of Ohio/SOCF.
 Before MERRITT and MILBURN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 LIVELY, Senior Circuit Judge.
 
 
 1
 These consolidated appeals concern the determination and allocation of costs in state prisoners' civil rights actions. In No. 87-4151, we must decide also whether the district court correctly held that the State of Ohio was not entitled to intervene in order to claim as taxed costs the expenses of responding to a writ of habeas corpus ad testificindum.
 
 I.
 A.
 
 2
 Sales, the plaintiff in Nos. 87-3568 and 88-3411, is an inmate at the Southern Ohio Correctional Facility (SOCF), a state prison. In his civil rights action, brought under 42 U.S.C. Sec. 1983, he claimed that his constitutional right to proper medical care was infringed when prison nurses, over a two-day period, gave him only two Talwin tablets per day rather than the three per day to which he was entitled. The district court granted Sales' petition for a writ of habeas corpus ad testificandum and permitted him to proceed in forma pauperis. Following a bench trial the district court dismissed the action. SOCF then submitted a cost bill for $561.68, including $221.85 for transporting Sales to and from Cincinnati for the trial, and $339.83 for deposing Sales prior to trial. The court granted costs to SOCF in the amount claimed, and Sales has appealed. Sales' only income is $3.00 per month from the State. He has no assets.
 
 B.
 
 3
 Hunter, the plaintiff in No. 87-4151, while an inmate in SOCF, sued Scioto County, Ohio, and several Scioto officials pursuant to 42 U.S.C. Sec. 1983. Hunter charged the defendants with various constitutional violations while he was an inmate in the county jail. At Hunter's request, the district court issued a writ of habeas corpus ad testificandum, addressed to the superintendent of SOCF, ordering SOCF to produce Hunter for his trial in Cincinnati. The superintendent complied with the writ and transported Hunter to Cincinnati without either objecting or attempting to intervene in the action. Following a jury verdict for the defendants the district court entered judgment on March 10, 1987, and denied a motion for a new trial on April 24. Hunter appealed.
 
 
 4
 Although never a party to the action, SOCF submitted a bill of costs on April 29, seeking to recover from Hunter $1,954.06 expended in complying with the writ. The bill included both transportation expenses and the wages of accompanying guards. The district court first approved the cost bill, but later granted Hunter's motion for reconsideration, noting that SOCF had never intervened in the action. On June 25 SOCF moved to intervene or in the alternative, to be joined nunc pro tunc to February 11, the date the writ issued. Following a hearing, the district court denied both the motion to intervene or to be joined and the bill of costs. The court determined that SOCF's attempt to intervene was not timely and that the motion did not set forth proper grounds either for intervention or joinder as required by Federal Rules of Civil Procedure 24 and 19. The district court found that requiring SOCF to produce Hunter for trial did not unreasonably burden the State and noted that the State could recover the transportation costs from Scioto County.
 
 II.
 A.
 
 5
 In both appeals the State argues that 28 U.S.C. Secs. 1821 and 1920 are authority for awarding as costs the expenses of transporting a state prisoner to a federal court in response to a writ of habeas corpus ad testificandum. Section 1821 provides for the payment of fees and allowances to witnesses for appearing in federal courts or for depositions. A witness's "normal travel expenses ... shall be taxable as costs pursuant to section 1920 of [Title 28]." 28 U.S.C. Sec. 1821(c)(4). Section 1920 lists the items that courts may tax as costs:
 
 Sec. 1920. Taxation of costs
 
 6
 A judge or clerk of any court of the United States may tax as costs the following:(1) Fees of the clerk and marshal;
 
 
 7
 (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
 
 
 8
 (3) Fees and disbursements for printing and witnesses;
 
 
 9
 (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
 
 
 10
 (5) Docket fees under section 1923 of this title;
 
 
 11
 (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
 
 
 12
 A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.
 
 
 13
 The allowance of costs is further limited by Fed.R.Civ.P. 54(d), which, in relevant part, provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs."
 
 B.
 
 14
 The State asserts in Sales' case that it seeks to recover only "normal travel expenses" under Sec. 1821(c)(4) and reasonable expenses incurred in taking the plaintiff's deposition as authorized by Sec. 1920. In addition, the State relies on the All Writs Act, 28 U.S.C. Sec. 1651(a), as authority for reimbursement of the expenses it has incurred. The State also contends that the plaintiff's pauper status does not bar the award of costs to it, the prevailing party.
 
 
 15
 The plaintiff-appellant argues that courts may not tax as costs items not listed in Sec. 1821 or Sec. 1920. While Rule 54(d) grants district courts discretion to determine which costs to award a prevailing party, there is no authority, he contends, to tax costs for any item not listed in one of the statutes. Neither statute lists as a recoverable item a custodian's expenses in transporting a prisoner to court. The plaintiff also contends that the expenses claimed in connection with the deposition are excessive, and that the district court erred in not considering his indigency when approving the State's bill of costs.
 
 III.
 A.
 
 16
 We deal first with the State's contention that the Sales writ was issued pursuant to 28 U.S.C. Sec. 1651. Section 2241(c)(5) of Title 28 authorizes a court to issue a writ of habeas corpus ad testificandum to a prisoner when "[i]t is necessary to bring him into court to testify or for trial." The writ is directed to "the person having custody of the person detained." 28 U.S.C. Sec. 2243. In arguing that the writ in this case should be treated as issued under Sec. 1651, the State seeks to avoid as an unreasonable burden the expense of complying with the writ. It relies on United States v. New York Telephone Co., 434 U.S. 159, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977), where the Supreme Court upheld under the All Writs Act a district court order requiring a telephone company to assist the FBI in installing court-approved pen registers on telephones of suspects. The Court stated "that the power of federal courts to impose duties upon third parties is not without limits; unreasonable burdens may not be imposed." Id. at 172, 98 S.Ct. at 372. Some courts have relied on the All Writs Act and this language from New York Telephone to allocate between state and federal governments the expenses of producing a state prisoner for trial. See Ford v. Carballo, 577 F.2d 404, 407-08 (7th Cir.1978).
 
 
 17
 A recent Supreme Court decision undercuts the State's argument. In Pennsylvania Bureau of Corrections v. United States Marshals, 474 U.S. 34, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985), the Court held that in the absence of exceptional circumstances, 28 U.S.C. Secs. 2241 and 2243, not the All Writs Act, authorize courts to issue writs of habeas corpus ad testificandum. "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Id. at 43, 106 S.Ct. at 361. Because no exceptional circumstances existed here, we conclude that the district court issued the writ pursuant to sections 2241 and 2243, not pursuant to Sec. 1651(a).
 
 B.
 
 18
 Sections 2241 and 2243 are silent with regard to who pays the expenses of complying with writs of habeas corpus ad testificandum. We know of no rule that prohibits a court from requiring the custodian of a prisoner to transport the prisoner to court proceedings at the custodian's expense. This seems nothing more than an unexceptional cost of maintaining a prison system. Apparently no appellate court has considered a case in which a state has sought to recover from a prisoner the expenses of complying with a writ of habeas corpus ad testificandum. Earlier cases in which courts allocated those expenses between federal and state governments are instructive, however. We agree with Judge Gibbons' statement in Story v. Robinson, 689 F.2d 1176 (3rd Cir.1982), that the authority of federal courts to issue writs of habeas corpus ad testificandum has never "been qualified by a requirement that the respondent custodian, state or federal, be compensated for compliance with the writ." Id. at 1179.
 
 
 19
 In Wiggins v. County of Alameda, 717 F.2d 466 (9th Cir.1983), cert. denied sub nom. California Department of Corrections v. United States, 465 U.S. 1070, 104 S.Ct. 1425, 79 L.Ed.2d 749 (1984), a United States Magistrate ordered the state to transport, guard and pay all expenses incurred in producing a state prisoner for trial of his civil rights action against a county. Relying on Story v. Robinson, the court of appeals affirmed the order, finding "no basis upon which the state can seek compensation for its expenses." 717 F.2d at 469.
 
 
 20
 The Supreme Court recently discussed the relationship among 28 U.S.C. Sec. 1821, 28 U.S.C. Sec. 1920, and Fed.R.Civ.P. 54(d). See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). After reviewing the history of congressional enactments related to costs, the Court declared: "Title 28 U.S.C. Sec. 1920 ... embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party." 107 S.Ct. at 2496. The Court held that only the witness fees and allowances authorized by Sec. 1821, as defined in Sec. 1920, are taxable as costs. The Court rejected the argument that "the discretion granted by Rule 54(d) is a separate source of power to tax as costs expenses not enumerated in Sec. 1920." Id. at 2497. "[T]he better view," the Court stated, "is that Sec. 1920 defines the term 'costs' as used in Rule 54(d)." Id. In reaching this conclusion the Court relied on its earlier decision in Henkel v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co., 284 U.S. 444, 446, 52 S.Ct. 223, 224, 76 L.Ed. 386 (1932) ("[W]hen Congress has prescribed the amount to be allowed as costs, its enactment controls."). The Supreme Court specifically rejected dicta in Farmer v. Arabian American Oil Co., 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964), as a basis for reading Rule 54(d)'s discretionary language as authority for taxing as costs expenses not specifically allowed by statute. Crawford, 107 S.Ct. at 2498. The case cited by the State to buttress its expansive reading of Rule 54(d) in this case relied upon the same rejected Farmer dicta, and thus provides no support. See Marks v. Calendine, 80 F.R.D. 24, 31 (N.D.W.Va.1978), aff'd sub nom. Flint v. Haynes, 651 F.2d 970, 973 (4th Cir.1981), cert. denied, 454 U.S. 1151, 102 S.Ct. 1018, 71 L.Ed.2d 306 (1982).
 
 
 21
 No provision in Sec. 1920 permits courts to tax as costs against a losing party the custodian's expenses incurred in complying with a prisoner's writ of habeas corpus ad testificandum. The State argues that 28 U.S.C. Sec. 1821(c)(4) contains a direct authorization for so treating the expenses incurred in transporting Sales. That section provides:
 
 
 22
 All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920 of this title.
 
 
 23
 An examination of Sec. 1821 in its entirety shows clearly that it provides for the payment of certain fees and allowances to witnesses, not to parties. The fees and allowances pertain to travel and subsistence expenses incurred by witnesses. Section 1821 does not authorize a district court to tax as costs against a prisoner-litigant the expense of transporting that person from prison to court.
 
 C.
 
 24
 Sales does not contend that deposition expenses may not be taxed as costs. As the court noted in West Wind Africa Line, Ltd. v. Corpus Christi Marine Services Co., 834 F.2d 1232, 1237-38 (5th Cir.1988), subsections (2) and (4) of Sec. 1920 have been interpreted to authorize taxing as costs the expenses of taking, transcribing and reproducing depositions. Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party. Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling. LaVay Corp. v. Dominion Federal S. & L. Ass'n, 830 F.2d 522, 528 (4th Cir.1987), cert. denied, --- U.S. ----, 108 S.Ct. 1027, 98 L.Ed.2d 991 (1988). An allowance of deposition costs is reviewed for an abuse of discretion. Furr v. AT & T Technologies, Inc., 824 F.2d 1537, 1550 (10th Cir.1987). Although the plaintiff contests the reasonableness of the amount claimed as deposition expenses, the primary disagreement on the deposition issue concerns the effect of the plaintiff's indigency.
 
 
 25
 The plaintiff's indigency does not prevent the taxation of costs against him. The statute that permits an indigent party to proceed in forma pauperis merely provides that such a person may commence a suit "without prepayment of fees and costs." 28 U.S.C. Sec. 1915(a) (emphasis added). The statute clearly provides for awarding "costs at the conclusion of the suit or action as in other cases." 28 U.S.C. Sec. 1915(e). Adopting this reading of Sec. 1915, several courts of appeals have approved the taxation of costs against indigent civil rights plaintiffs. See Flint v. Haynes, 651 F.2d 970, 972-73 (4th Cir.1981), cert. denied, 454 U.S. 1151, 102 S.Ct. 1018, 71 L.Ed.2d 306 (1982); Harris v. Forsyth, 742 F.2d 1277, 1278 (11th Cir.1984); Lay v. Anderson, 837 F.2d 231, 232-33 (5th Cir.1988). However, when a party claims indigency, this court requires a determination of his or her capacity to pay the costs assessed. In re Ruben, 825 F.2d 977, 987 (6th Cir.1987), cert. denied sub nom. Swan v. Ruben, --- U.S. ----, 108 S.Ct. 1108, 99 L.Ed.2d 269 (1988); Haynie v. Ross Gear Div. of TRW, Inc., 799 F.2d 237, 243 (6th Cir.1986), vacated 482 U.S. 901, 107 S.Ct. 2475, 96 L.Ed.2d 368 (1987).
 
 
 26
 The judgment of the district court taxing as costs the expenses of transporting Sales to court is reversed. That portion of the judgment taxing deposition expenses as costs is vacated and remanded for a determination of the reasonableness of the amount claimed and of the ability of Sales to pay.
 
 IV.
 A.
 
 27
 Hunter has filed a motion to dismiss No. 87-4151, contending that this court has no jurisdiction to hear an appeal from an order denying intervention and that there was no timely notice of appeal from earlier orders entered by the district court. The notice of appeal was timely insofar as it appealed the district court order denying SOCF's motion to intervene and its petition for assessment of costs. The Supreme Court has held that an order completely denying intervention is immediately reviewable by way of an interlocutory appeal. Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 377-78, 107 S.Ct. 1177, 1183-84, 94 L.Ed.2d 389 (1987). In this case the order appealed from both denied intervention and finally determined the cost question. This court has jurisdiction.
 
 B.
 
 28
 (1)
 
 
 29
 SOCF sought to intervene both as of right pursuant to Federal Rule of Civil Procedure 24(a) and by permission of the district court pursuant to Rule 24(b). Both rules require "timely application" for intervention. In denying intervention the district court found that the application was not timely and that it did not set forth grounds required for either intervention or joinder "in that SOCF's interest does not relate to the constitutional violations alleged by the plaintiff in the underlying action."
 
 
 30
 It is clearly established that determination of timeliness of an application to intervene is within the trial court's discretion. NAACP v. New York, 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973); Michigan Ass'n for Retarded Citizens v. Smith, 657 F.2d 102, 105 (6th Cir.1981). The district court did not abuse its discretion in denying SOCF's application on the ground that it was untimely. The court issued the writ on February 11, 1987, and SOCF produced Hunter in Cincinnati without objecting, seeking to quash the writ, or applying for intervention. If SOCF had objected, the court would have had an opportunity to consider both the necessity of Hunter's presence at the trial and any arguments against requiring the State to bear the expense of producing him. Rather than seeking intervention promptly and raising its questions in advance, however, SOCF waited until the trial was over and judgment had been entered against Hunter. Even then SOCF did not seek to intervene, but as a non-party to the action tendered a bill of costs.
 
 
 31
 In Retarded Citizens this court listed several factors to be considered in determining whether intervention is timely. 657 F.2d at 105. In the present case, consideration of those factors supports the district court's conclusion. The purpose for which SOCF sought intervention was unrelated to the merits of the underlying action; SOCF knew of the writ and was aware of its expenditures in complying with it three to four months before SOCF sought to intervene; no unusual circumstances militated in favor of intervention; and the application was made after the entry of final judgment and the denial of Hunter's motion for a new trial. In fact, SOCF filed its application to intervene more than one month after Hunter filed his notice of appeal. Since the threshold requirement of timeliness was not met, we do not discuss the other Rule 24 requirements.
 
 
 32
 We have considered SOCF's argument that it became a de facto intervenor when the district court directed the superintendent to produce Hunter at trial. This court recognized de facto intervention in Smartt v. Coca Cola Bottling Corp., 337 F.2d 950 (6th Cir.1964), cert. denied sub nom. Chambliss v. Coca-Cola Bottling Corp., 380 U.S. 934, 85 S.Ct. 941, 13 L.Ed.2d 822 (1965). In Smartt, the court found that the parties seeking intervention appeared to be proper parties for intervention and that the district court appeared to have treated them as parties. 337 F.2d at district 951. Neither of these observations applies to the present case. The district court categorically denied intervention and stated that SOCF had not stated proper grounds for intervention. The court never treated SOCF as a party.
 
 
 33
 (2)
 
 
 34
 SOCF also requested the district court to join it as a defendant nunc pro tunc as of the date the writ was issued. Rule 19(a)(1) commands that a party be joined if in his "absence complete relief cannot be accorded among those already parties." Thus, as the court noted in LLC Corp. v. Pension Benefit Guaranty Corp., 703 F.2d 301, 305 (8th Cir.1983), Rule 19(a)(1) focuses "on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." Here, SOCF's absence had no bearing whatsoever on the potential relief between Hunter and the Scioto County defendants.
 
 
 35
 The State contends that it was a necessary party under Rule 19(a)(2) because it was seeking to assert a right to recover costs, a part of every action. Rule 19(a)(2) provides for joinder of a person who "claims an interest relating to the subject of the action" and whose absence would frustrate that person's ability to protect that interest, or would expose persons already parties to "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." The district court correctly held that SOCF's interest does not relate to the subject of the action--Hunter's claim of constitutional violations by the Scioto County defendants. The district court properly refused to strain the meaning of Rule 19 to provide "a route around the timeliness requirement of intervention under Rule 24." Culbreath v. Dukakis, 630 F.2d 15, 25 n. 14 (1st Cir.1980).
 
 C.
 
 36
 As noted in our discussion of the issues in Sales, the award and allocation of costs in federal courts are controlled by 28 U.S.C. Sec. 1920 and Fed.R.Civ.P. 54(d). Section 1920 lists the items that may be taxed as costs, and Rule 54(d) provides for an allowance of costs "to the prevailing party." Federal courts may secure payment of expenses incurred by a non-party witness under 28 U.S.C. Sec. 1821(c)(4), which provides that "[a]ll normal travel expenses" of a witness "shall be taxable as costs pursuant to section 1920 of this title." This provision does not relate to travel expenses of parties or travel expenses incurred by custodians of prisoners who are parties. SOCF was not a party to the action against the Scioto County defendants, and Hunter was a party, not a witness. Thus, the district court correctly concluded that SOCF may not recover as taxed costs the expenses of producing Hunter in response to the writ.
 
 
 37
 We have also considered the State's unsupported argument that Hunter was unjustly enriched by being transported at state expense to appear at his own trial, and that therefore he is estopped under Ohio law to deny the State's right to recover those expenses. The short answer to this argument is that Ohio law does not control the issue of costs in federal court. Further, the elements of equitable estoppel are not present in this case.
 
 V.
 
 38
 The judgment of the district court in Nos. 87-3568 and 88-3411 is reversed in part, vacated in part and remanded for further proceedings. The judgment in No. 87-4151 is affirmed.