902 F.2d 1568
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Austin A. BAILEY, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 89-6017.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1990.
 
 1
 Before BOYCE F. MARTIN, Jr. and RALPH B. GUY, Jr., Circuit Judges, and HORACE W. GILMORE, District Judge.*
 
 ORDER
 
 2
 Austin A. Bailey, a pro se Kentucky prisoner, appeals the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Bailey was convicted by a jury of first degree rape and was sentenced to twenty years imprisonment. Bailey's conviction was affirmed by the Kentucky Supreme Court on direct appeal. Thereafter, Bailey filed a motion to vacate his sentence pursuant to Ky.R.Crim.P. 11.42. The trial court denied the motion, the Kentucky Court of Appeals affirmed the judgment, and the Kentucky Supreme Court denied discretionary review.
 
 
 4
 Bailey then filed the instant habeas petition alleging: (1) the prosecution failed to disclose exculpatory evidence; (2) he received ineffective assistance of counsel; (3) the trial court refused to give a requested alibi instruction; (4) the trial court failed to admonish the jury regarding the victim's out-of-court statement; and (5) the trial court erred in refusing defense counsel's request for a continuance. The magistrate, in a comprehensive report, recommended the petition be denied, finding that the claims asserted did not warrant habeas relief. The district court adopted the magistrate's report over petitioner's objections, and also ordered Bailey to pay the costs of the action.
 
 
 5
 On appeal, Bailey reasserts his claims and requests the appointment of counsel. He additionally argues: (1) the district court erred in ordering him to pay costs after he was granted in forma pauperis (IFP) status; and (2) there was no rape because there was no evidence of penetration.
 
 
 6
 Upon review, we deny the request for the appointment of counsel, and affirm the district court's judgment for the reasons stated in the magistrate's report dated June 30, 1989, as adopted by the district court.
 
 
 7
 Moreover, we find no merit to Bailey's claims on appeal. The district court did not err in imposing costs as a petitioner's indigency does not prevent the taxation of costs against him. See Sales v. Marshall, 873 F.2d 115, 120 (6th Cir.1989).
 
 
 8
 Finally, we do not address Bailey's claim on appeal regarding the lack of penetration because the claim was not first presented to the district court. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 9
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit, for the reasons stated in the magistrate's report dated June 30, 1989, as adopted by the district court.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation