959 F.2d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Chester PATTERSON, Plaintiff-Appellant,
v.
Gayla JONES, in her individual and official capacity;
Richard Johnson, in his individual and official
capacity, Defendants-Appellees.
 No. 91-1828.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1992.
 
 1
 Before KEITH and SILER, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 This pro se Michigan prisoner appeals the district court's order awarding costs to defendants in this civil rights action filed under 42 U.S.C. § 1983. He requests the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Chester Patterson alleged that defendants violated his constitutional rights by opening and inspecting his "legal mail" outside of his presence. On March 13, 1990, the district court entered summary judgment for defendants. On August 17, 1990, plaintiff filed a motion for relief from judgment under Fed.R.Civ.P. 60(b). The motion was denied on September 20, 1990.
 
 
 4
 On June 18, 1991, the district court entered its order granting defendants' motion for costs in the amount of twenty-five dollars. The order directed that the amount be collected pursuant to a payment plan not to exceed ten percent of Patterson's monthly income. This appeal followed.
 
 
 5
 Because Patterson failed to file timely notices of appeal from the orders entered in March and September 1990, only the order granting costs is subject to review. See Fed.R.App.P. 4(a); Budinich v. Becton Dickinson & Co., 486 U.S. 196, 203 (1988).
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion by awarding costs to defendants. See Papas v. Hanlon, 849 F.2d 702, 703 (1st Cir.1988) (per curiam). The assessment of costs against an in forma pauperis plaintiff is within the sound discretion of the district court. See Weaver v. Toombs, 948 F.2d 1004, 1008 (6th Cir.1991); Sales v. Marshall, 873 F.2d 115, 120 (6th Cir.1989). The only factors for review are whether the costs are reasonable and whether the district court has considered the capacity of the in forma pauperis litigant to pay the costs. See Sales, 873 F.2d at 120. Moreover, the burden is upon the plaintiff to show that he is incapable, as a practical matter, of paying such costs. Weaver, 948 F.2d at 1014. Because the district court properly considered the reasonableness of the award and Patterson's capacity to pay, the order granting costs was not an abuse of discretion. However, we question the efficacy of assessing costs and its fairness as to plaintiffs to inhibit the filing of prisoner civil rights cases.
 
 
 7
 Accordingly, the request for counsel is denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation