959 F.2d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry Dale BRENNER, Plaintiff-Appellant,
Jay Rohr, Plaintiff,
v.
Robert BROWN, Jr., Director, MDOC, both as individuals and
in their official or private person capacities; Rich
Johnson, Warden, Carson City Correctional Facility, both as
individuals and in their official or private person
capacities; Uzan Moore, Resident Unit Manager, Carson City
Corr. Facility, both as individuals and in their official or
private person capacities; Chad Lockwood, Inspector, Carson
City Corr. Facility, both as individuals and in their
official or private person capacities; Dee Ann Brenner,
both as individuals & in their private person capacities;
Michael B. Quinn, both as individuals and in their official
or private person capacities, Defendants-Appellees.
 No. 92-2374.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1992.
 
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and TIMBERS, Senior Circuit Judge.*
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the district court's order imposing costs and the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. He requests the appointment of counsel. Defendants move for dismissal of the appeal for lack of jurisdiction. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Terry Brenner alleged that he was denied his First and Fourteenth Amendment rights of access to the courts through unreasonable restrictions on his legal mail.
 
 
 3
 On August 23, 1991, the district court entered summary judgment in favor of defendants. On September 13, 1991, defendants filed a motion for costs in the amount of $83.00. On October 7, 1991, the district court entered its order granting the motion for costs. On October 16, 1991, Brenner filed his notice of appeal.
 
 
 4
 Upon review, we note first that Terry Brenner is the only appellant in this case because he is the only plaintiff named in the notice of appeal. See Torres v. Oakland Scavenger Co., 487 U.S. 312, 317 (1988).
 
 
 5
 Second, the merits of the underlying civil rights action are not before the court because Brenner failed to file a timely notice of appeal from the order granting summary judgment. See Fed.R.App.P. 4(a); Budinich v. Becton Dickinson & Co., 486 U.S. 196, 203 (1988). The district court's order granting summary judgment in favor of defendants was final and immediately appealable. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373 (1981). Defendants' motion for costs did not imply or seek a change in the judgment and, therefore, did not affect the time period for filing a notice of appeal. See Buchanan v. Stanships, Inc., 485 U.S. 265, 268-69 (1988) (per curiam); Samaad v. City of Dallas, 922 F.2d 216, 218 (5th Cir.1991) (per curiam). Because Brenner's notice was not timely as to the underlying judgment, this court lacks jurisdiction to review the merits of that judgment. See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 198 (1988). The notice of appeal however was timely as to the order granting costs.
 
 
 6
 The assessment of costs against as in forma pauperis plaintiff is within the sound discretion of the district court. See Weaver v. Toombs, 948 F.2d 1004, 1008 (6th Cir.1991); Sales v. Marshall, 873 F.2d 115, 120 (6th Cir.1989). The only factors for review are whether the costs are permissible, whether the costs are reasonable, and whether the district court has considered the capacity of the indigent litigant to pay the costs. See Sales, 873 F.2d at 120. Moreover, the burden is upon the plaintiff to show that he is incapable, as a practical matter, of paying such costs. Weaver, 948 F.2d at 1014.
 
 
 7
 Brenner challenged only the reasonableness of the award in light of his capacity to pay. Because the district court properly considered the reasonableness of the award and Brenner's capacity to pay, the order granting costs was not an abuse of discretion. See Papas v. Hanlon, 849 F.2d 702, 703 (1st Cir.1988) (per curiam).
 
 
 8
 Accordingly, the motions to dismiss are denied and the request for counsel is denied. The district court's order awarding costs is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge, U.S. Court of Appeals for the Second Circuit, sitting by designation