62 F.3d 1417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond JACKSON, Plaintiff-Appellant,
v.
Kenneth L. McGINNIS; Robert J. Mayer, Defendants-Appellees.
 No. 95-1093.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1995.
 
 1
 Before: MILBURN and NORRIS, Circuit Judges; and GRAHAM, District Judge.*
 
 ORDER
 
 2
 Raymond Jackson, a pro se Michigan prisoner, appeals a district court order granting the defendants' motion to tax costs in the amount of $28.25, pursuant to 28 U.S.C. Sec. 1920 and Fed.R.Civ.P. 54(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In an underlying civil rights action, Jackson sued the state defendants for transferring him to a newly-opened correctional facility with a not-yet-fully-functional law library, which allegedly hindered his access to the courts. The district court granted the defendants' motion for summary judgment and, in Case No. 94-2148, this court denied Jackson pauper status on appeal. That appeal was subsequently dismissed for want of prosecution after Jackson failed to pay the filing fee.
 
 
 4
 The defendants filed a motion to tax costs with the district court, claiming $23.25 in photocopying costs and $5.00 in nominal attorney fees. Jackson opposed the motion with an "affidavit of indigency." In an opinion and judgment filed on January 17 and entered on January 20, 1995, the district court granted the defendants' motion to tax costs in the amount of $28.25, after expressly considering Jackson's ability to pay.
 
 
 5
 On appeal, Jackson argues that costs should not be taxed because "summary judgment was inappropriate."
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion in awarding costs and a nominal attorney fee to the defendants in this case. See Weaver v. Toombs, 948 F.2d 1004, 1008 (6th Cir.1991); Sales v. Marshall, 873 F.2d 115, 120 (6th Cir.1989).
 
 
 7
 Jackson's ground for challenging the award on appeal is totally baseless. It has been finally determined that summary judgment for the defendants in his underlying civil rights action was appropriate. He may not use this appeal to relitigate that issue. This court decided in Weaver that costs may be imposed against a plaintiff who is allowed to proceed in forma pauperis whether or not his lawsuit is deemed frivolous or simply without merit. Weaver, 948 F.2d at 1008.
 
 
 8
 Accordingly, the district court's judgment, entered on January 20, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation