72 F.3d 130
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Parnell SEATON-EL, Plaintiff-Appellant,
v.
Raymond G. TOOMBS; Sandra Croom, Defendants-Appellees.
 No. 95-1405.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1995.
 
 1
 Before: BOGGS and DAUGHTREY, Circuit Judges, and MATIA, District Judge.*
 
 ORDER
 
 2
 Parnell Seaton-El appeals pro se from a district court order that awarded costs to the defendants in a civil rights action that he had filed under 42 U.S.C. Sec. 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In his civil rights case, Seaton-El alleged that the defendants had violated his constitutional rights by censoring his legal mail. However, a jury verdict was entered for the defendants on February 10, 1995, and Seaton-El's appeal from that judgment was dismissed for want of prosecution. The merits of the civil rights case are not at issue in this appeal.
 
 
 4
 The defendants subsequently filed a motion for $206.75 in costs, under 28 U.S.C. Secs. 1920 and 1923(a). The district court granted this motion by an order that was entered on March 30, 1995. It is from this judgment that Seaton-El now appeals. He has also filed a motion for pauper status on appeal.
 
 
 5
 The court "may exercise its discretion not to impose costs against an indigent or an unsuccessful in forma pauperis party." Weaver v. Toombs, 948 F.2d 1004, 1013 (6th Cir.1991). Moreover, the controlling authority in this circuit requires a determination as to whether an indigent party is able to pay before costs are assessed. Sales v. Marshall, 873 F.2d 115, 120 (6th Cir.1989). In the present case, Seaton-El claimed indigency and was granted pauper status by the district court when he filed his complaint. However, the court made no specific findings regarding his capacity to pay when it awarded costs to the defendants.
 
 
 6
 The appellees now argue that the district court implicitly found that Seaton-El was able to pay the award because a copy of his prisoner account statement was attached to their motion for costs. However, there is nothing in the district court's order which might indicate that it considered Seaton-El's ability to pay the award. See Phelan v. Bell, 8 F.3d 369, 375 (6th Cir.1993) (specific findings required for an award of costs). Moreover, Seaton-El attempted to meet his burden of showing that he could not pay the costs that were demanded by filing a timely response to the defendants' motion, in which he repeatedly asserted that he could not afford to pay the award. See Weaver, 948 F.2d at 1014. The district court could not have considered these assertions because the costs order had already been entered when the response was filed. Thus, a remand is required to allow the district court an opportunity to consider Seaton-El's response and to make specific findings regarding his ability to pay the award. See id. at 1014; Sales, 873 F.2d at 120.
 
 
 7
 A remand is also necessary because the defendants were not entitled to all of the costs that were claimed in their motion. This is so because the defendants relied in part on a provision of 28 U.S.C. Sec. 1923(a) that authorizes $5.00 in costs "on motion for judgment and other proceedings on recognizances." The notes to Sec. 1923(a) indicate that a "motion for judgment" is equivalent to a petition for a writ of scire facias, and the underlying judgment in the present case was not based on this type of writ. The statute's reference to "other proceedings on recognizances" is also inapposite, as the judgment in Seaton-El's case was not based on an agreement, contract or preexisting obligation. Thus, the defendants are not legally entitled to the $5.00 in costs that they claimed under this provision of Sec. 1923(a).
 
 
 8
 Accordingly, Seaton-El's motion for pauper status is granted for the limited purpose of considering this appeal, the district court's order awarding costs is vacated, and the case is remanded for further proceedings to determine whether Seaton-El is able to pay the remaining $201.75 in costs to which the defendants are entitled. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation