Esther JAVETZ, Plaintiff,

v.

BOARD OF CONTROL, GRAND VAL-LEY STATE UNIVERSITY, Allan Ten Eyck, Anthony Travis, and Rodney Mulder, Defendants.

No. 4:94–CV–67.

United States District Court,
W.D. Michigan,
Southern Division.

Feb. 12, 1996.

Ross E. Chapman, Deming, Hughey, Chapman & Richardson, P.C., Kalamazoo, MI, Daniel J. Hoekenga, Hoekenga & Farrell, P.C., Southfield, MI, for Plaintiff.

Pamela Chapman Enslen, Miller, Canfield, Paddock & Stone, Kalamazoo, MI, for Defendants.

### ORDER TAXING COSTS

McKEAGUE, District Judge.

On August 21, 1995, the Court awarded summary judgment to defendants on all of plaintiff's claims. Plaintiff timely moved the Court to alter or amend the judgment under Fed.R.Civ.P. 59(e), which motion was denied on October 31, 1995. On November 30, 1995, defendants, as prevailing parties, filed their bill of costs, in accordance with Fed.R.Civ.P. 54(d) and W.D.Mich.L.R. 10(d). Defendants claim recoverable costs in the amount of $10,385.46. Plaintiff has filed objections and the parties have thoroughly briefed the issues presented.

Plaintiff first contends that defendants' bill of costs was not timely filed because not filed within 30 days after entry of the judgment, as required by Local Rule 10(d). The local rules do not provide for

tolling of the Rule 10(d) 30–day period during the pendency of a post-judgment motion under Fed.R.Civ.P. 59. However, consistent with the advice given defendants by the Clerk of the Court, and consistent with the analogous tolling of the time for appeal from a judgment under Fed.R.App.P. 4(a)(4), the Court concludes that the Rule 10(d) period should not be deemed to have commenced until the day after the Court ruled on plaintiff's Rule 59 motion. Until the Rule 59 motion was decided, it remained uncertain whether defendants were prevailing parties entitled to costs under Fed.R.Civ.P. 54(d). It follows that defendants' bill of costs, filed on the 30th day after the Court's ruling, was timely filed.

Second, plaintiff challenges the costs claimed as exorbitant and not reasonably necessary. Plaintiff's objection is directed to the costs associated with deposition transcripts. Defendants seek costs of $10,139.20 associated with 17 depositions.

■ The expenses of taking, transcribing and reproducing depositions that are reasonably necessary for the litigation are ordinarily taxed as costs. 28 U.S.C. § 1920; *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir.1989). "Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Id.*

■ In response to plaintiff's objection, defendants have explained why each of the 17 depositions was deemed reasonably necessary to their defense of plaintiff's claims even though not all of them were integral to the success of their motion for summary judgment. The Court observes that defendants' counsel were extremely thorough in their conduct of discovery and in their preparation of defendants' motion for summary judgment. This thoroughness was necessitated by the factual and legal complexity of the claims asserted by plaintiff, and has yielded positive results for defendants. The Court cannot say that any of the 17 depositions was not, at the time taken, reasonably necessary to the defense of plaintiff's claims.

■ Plaintiff's objection is sustained, however, in one particular. Surcharges for expedited preparation of transcripts represent costs for services that, albeit helpful to counsel's effective representation, were not, under the circumstances, reasonably necessary. These surcharges appear to have totaled $1,811.10, which amount will not be taxed to plaintiff.

Accordingly, after duly considering plaintiff's objections, the Court hereby TAXES to plaintiff and AWARDS to defendants their reasonably necessary costs in the total amount of $8,574.36.

IT IS SO ORDERED.