Carol J. PION, Plaintiff,

v.

**LIBERTY DAIRY COMPANY, a division of Dean Foods Company, Defendant.**

No. 1:93–cv–429.

United States District Court,
W.D. Michigan,
Southern Division.

April 3, 1996.

Stephen R. Drew, Drew, Cooper & Anding, Grand Rapids, MI, for plaintiff.

Charles S. Mishkind, Meg Hackett Carrier, Miller, Canfield, Paddock & Stone, Grand Rapids, MI, for defendant.

## ORDER ON DEFENDANT'S BILL OF COSTS AND ON PLAINTIFF'S AMENDED MOTION TO DISALLOW DEFENDANT'S BILL OF COSTS

MILES, Senior District Judge.

This matter is before the court on defendant Liberty Dairy Company's bill of costs and on plaintiff Carol Pion's amended motion to disallow the claimed costs.[1] For the foregoing reasons, the court hereby denies plaintiff's amended motion to disallow costs, and taxes costs in favor of the defendant in the amount of $8,032.07.

### ANALYSIS

Fed.R.Civ.P. 54(d) provides in pertinent part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" This rule "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir.1986). Under Rule 54(d), the "norm of action" is that "prevailing parties are entitled to their costs as of course." *Id.* at 731. Where an unsuccessful party in the litigation seeks to be excused from the burden of paying costs, it is incumbent upon her to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party. *Id.* at 732.

1. Plaintiff has indicated that she intends for her amended motion to disallow costs, and accompanying brief, to supersede her earlier motion to disallow costs. Accordingly, the court has not considered the contents of the earlier motion and brief.

Although plaintiff has requested oral argument on her motion, the court has determined that oral argument would not materially aid it in the resolution of the issues which she raises in her amended motion.

■ Plaintiff argues that it would be "inequitable" to require to her to pay costs in this litigation. First, she argues, defendant's claimed costs are "outrageously large." However, although the court may deny unnecessary or unreasonable costs, it may not deny all costs simply because the total amount sought by the prevailing party exceeds what is deemed necessary or reasonable. *See id.* at 732 ("Although the court may deny unnecessary costs, unnecessary costs are not a reason for denying all costs").

■ Plaintiff further argues that the case was "difficult and close," a circumstance recognized as providing a basis for denying costs. *Id.* at 730. As stated in *White,*

> The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case.

786 F.2d at 732–33. Applying this definition, the court finds that although the litigation involved zealous, professional advocacy on both sides, the case itself was not a close one, but rather involved a relatively straightforward claim of sex discrimination. The nature of the case simply does not warrant a denial of costs.

■ Plaintiff further argues that an award of costs in this case will have a chilling effect on civil rights plaintiffs. However, she has identified no particular chilling effect apart from her own conclusory assertion. "The prevailing party in a civil rights action ... is in the same position as any other prevailing party with respect to costs available pursuant to 28 U.S.C. § 1920." *Goostree v. State of Tennessee,* 796 F.2d 854, 864 (6th Cir.1986), *cert. denied,* 480 U.S. 918, 107 S.Ct. 1374, 94 L.Ed.2d 689 (1987). Notably, the Sixth Circuit has recognized that allowing imposition of costs against unsuccessful civil rights plaintiffs—even indigent plaintiffs—does not have any perceived chilling effect on the filing of such actions. *Weaver v. Toombs,* 948 F.2d 1004, 1008 (6th Cir. 1991). The court therefore rejects, as a basis for denial of costs, plaintiff's argument regarding an unidentified chilling effect on civil rights plaintiffs.[2]

Finally, plaintiff argues that requiring her to pay costs to the defendant would not be fair because her own income and assets are "limited" while the defendant allegedly has a "multi-state parent corporation ... apparently footing the bill for costs" and, according to plaintiff, has a greater ability to absorb the costs of the litigation. This argument presents an interesting issue for the court's consideration.

■ *White & White* holds that in determining whether to award or deny costs, it is error for the court to consider the prevailing party's ability to bear its own expenses without hardship. 786 F.2d at 731. *White & White* does not indicate whether the unsuccessful party's ability to pay costs is also, correspondingly, an inappropriate consideration, at least where indigency is not claimed. Sixth Circuit authority does indicate that the losing party's ability to pay is an appropriate consideration where that party claims indigency. *Sales v. Marshall,* 873 F.2d 115, 120 (6th Cir.1989). However, even indigency does not prevent the taxation of costs against a party, *id.,* and the burden is upon the losing party to show that she is unable, as a practical matter and as a matter of equity, to pay the defendant's costs. *Weaver,* 948 F.2d at 1013–14.

■ Plaintiff has not made such a showing in this case. Although the defendant's claimed costs are substantial, a large portion of them is being disallowed for various reasons to be addressed below. Moreover, plaintiff's financial affidavit, as cursory as it is, indicates that she operates a child care business which produced receipts in 1995 of

---

**2.** Plaintiff appears to argue that she was encouraged to go forward by what she deems a "favorable" arbitration award, followed by no comparable offer of settlement from the defendant. However, a favorable arbitration award obviously presents no guarantee of success at trial, and parties must still realistically assess the merits and risks of proceeding. In sum, the issuance of an arbitration award favorable to an ultimately unsuccessful litigant does not in itself support the denial of costs to the prevailing party.

$12,481.79;[3] that she receives additional support from her husband; that she and her husband jointly own their own home; that she and her husband jointly own two income-producing rental properties worth an unspecified value, which generated income in 1995 of $6,900; and that she and her husband jointly own an income-producing oil and gas lease which generated income in 1995 of $1,450. Plaintiff has not to date filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and her affidavit affords no basis for a finding of indigency even if she had sought leave to so proceed. The court finds that plaintiff is able to pay costs, and that her claimed limited income and assets do not provide a basis for denial of costs.[4]

Having found that no basis exists for denying costs to the defendant, the court must now determine the amount of costs to award. Title 28 U.S.C. § 1920 lists the items which courts may tax as costs:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Upon allowance, costs are deemed included in the judgment or decree. *Id.*

Defendant has claimed costs totalling $36,106.32, broken down as follows: $7,856.33 for copying; $563.65 for records subpoenas and copying; $655.44 in witness fees; $7,905.65 in court reporter fees;[5] and $19,125.25 in expert fees for four different experts. Plaintiff has objected to most of these costs, as discussed below.

■ Plaintiff first objects that defendant's request for expert fees totalling $19,125.25 is insupportable under 28 U.S.C. § 1920 because the statutory witness fee specified in 28 U.S.C. § 1821 is $40 per day. Plaintiff is correct. In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439, 107 S.Ct. 2494, 2496, 96 L.Ed.2d 385 (1987), the Court definitively held that "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary."

3. As of the time of her financial affidavit, plaintiff had not yet bothered to calculate her 1995 expenses for the business. The court's recollection, based on discussions of evidentiary motions filed before trial, is that plaintiff operates the business out of her home.

4. The court feels constrained to note that even where a losing party is proceeding as an indigent under 28 U.S.C. § 1915, this court's general practice is to award costs and establish a payment plan which takes into account the losing party's ability to pay. The court generally finds such a course of action to be warranted in all but the most extreme cases of financial hardship. However, because plaintiff has neither claimed nor shown that she is indigent, the court finds that no payment plan is justified.

Defendant has suggested that if plaintiff is unable to pay costs, her counsel should be required to pay them because, defendant further suggests,

plaintiff may have been "ill-advised" regarding settlement and strategy. Plaintiff has responded, characterizing these suggestions as a "personal attack" on her counsel. The court declines to become involved in this sort of squabbling. It suffices to say that defendant is entitled to costs, payable by plaintiff herself. As for plaintiff's counsel, defendant has not invoked Fed.R.Civ.P. 11's procedures.

5. Although defendant claims to have incurred $7,905.65 in court reporter costs, no itemized listing of these costs has been provided. (Defendant's "Brief in Response to Plaintiff's Motion to Disallow Costs" states that a "list of depositions for which reimbursement is requested" is attached to that brief. *Id.* at p. 4. However, no such list is in fact attached to the brief.) Although the defendant has submitted supporting documentation consisting largely of court reporter invoices, those invoices total only $7,120.03, not the $7,905.65 claimed.

■ Plaintiff further argues that because she herself noticed the depositions of three of the defendant's experts, Robert Scott, Michael Smith, and William Kooistra, and because she "was billed or will be billed" by these experts for the time spent in depositions, defendant is not entitled to claim the $40 per day fee for those witnesses. Plaintiff, however, does not claim to have tendered fees to these witnesses. Plaintiff seemingly acknowledges her responsibility for the fees to be paid these witnesses, yet she appears to object to reimbursing the defendant for any portion of what it paid to these witnesses for their appearance. The court finds that the witness fees for Scott, Smith, and Kooistra are properly recoverable under the circumstances, and that defendant shall therefore recover $120 in costs for these witnesses. Defendant shall also recover $80 in witness fees for the two-day deposition of Dr. Don Van Ostenberg, for total expert witness fees of $200.

■ Defendant has also requested $563.65 in record subpoena costs, including fees paid to a private legal copying service for preparation of subpoenas, witness fees, and related records copying fees. Plaintiff has not, in her amended motion, specifically objected to these costs. However, the court finds that fees for private process servers are not taxable under § 1920. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir.1985); *cf. Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 178 (9th Cir.1990) (holding that such costs are taxable), *cert. denied*, 502 U.S. 812, 112 S.Ct. 61, 116 L.Ed.2d 36 (1991). Moreover, the necessity for the claimed witness fees included within the $563.65 figure has not been adequately documented, nor have the copying costs included within that figure. Accordingly, the court denies the $563.65 amount claimed.

■ Defendant has also claimed $655.44 in "witness fees." Plaintiff has objected to two discrete portions of this total: (1) defendant's claim of $159.72 to obtain records of Mercy Hospital; and (2) defendant's claim of $51.72 to obtain records from Dr. Garber. Plaintiff argues that these amounts do not in fact represent witness fees. Plaintiff is correct. These claimed costs suffer from the same deficiencies as defendant's claim for record subpoena costs discussed above. Defendant's claim for $20 in "witness fees" to obtain records from Dr. Miliken—to which plaintiff has not objected—likewise suffers from the same deficiencies. Accordingly, the court finds that these three amounts are not recoverable. The court finds that defendant is entitled to the remainder of the claimed witness fees, and will allow lay witness fees totalling $424.

■ Defendant has claimed $ $7,856.33 in copying costs. Plaintiff objects to all of this amount, principally on the basis that defendant has not provided sufficient itemization for this rather large expenditure. Defendant appears to be seeking to recover all of its copying costs incurred in the case. However, the court concludes that the defendant may only recover those costs incurred for copies of documents prepared for the court's consideration or for the opposing party. Defendant's submissions, with two very limited exceptions identified below, do not identify the number, substance, or purpose of the copies made in a manner sufficient to demonstrate that the expenses were reasonable or necessary. The court is aware that the case file is large—consisting of six volumes to date—and that a substantial portion of the documents contained therein was generated by the defendant. However, the court will not endeavor to calculate the number of pages or documents for which costs are available; this task should have been performed by the defendant. The court will therefore disallow the bulk of the claimed copying costs as insufficiently documented.

The two documented items for which the court will allow recovery include (1) a $33 expense for copying of a video, and (2) a $407.04 expense for copying of trial exhibits. The defendant presented a video at trial, and bench books of exhibits are required by the court. The court finds these expenses to be reasonable and and necessary, and will allow a total of $440.04 for copying.

■ Defendant has claimed $7,905.65 in court reporter fees. As indicated in note 5 above, defendant's documentation accompanying this claimed amount substantiates only

**54**

$7,120.03 in expenses. The court therefore disallows $765.62 as inadequately documented. Plaintiff objects to only certain portions of the documented deposition expenses, as follows: (1) $798.10 for the depositions of plaintiff's husband Dennis Pion, Diane Cool, and Barbara Stowe, and (2) $448.30 for the depositions of Mike Ramsey, Larry Ransom, and Lane Laughlin. Plaintiff argues that these persons did not witness any discriminatory acts, were not called in the trial, or were not "key persons" in the case.

 Subsections (2) and (4) of § 1920 have been interpreted as authorizing the taxation as costs of the expenses of taking, transcribing, and reproducing depositions. *Sales*, 873 F.2d at 120. Ordinarily, the prevailing party is entitled to recover the costs of depositions "reasonably necessary for the litigation." *Id.* "Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Id.* Plaintiff identified her husband, Diane Cool, Barbara Stowe, and Mike Ramsey as witnesses in the proposed joint final pretrial order. Plaintiff's husband and Misses Cool and Stowe were identified as damages witnesses and, because the bifurcated trial did not proceed to the second phase, they were not called to testify. The court is familiar with the case and finds that their depositions, as well as the depositions of witnesses Larry Ransom and Lane Laughlin,[6] were reasonably necessary at the time they were taken. Accordingly, the court finds that the claimed costs for these depositions are taxable. The court further finds that the claimed costs for the remaining depositions to which plaintiff has not objected— plaintiff's own deposition, and those of David Allen, Ernie Crabb, Mart Lindsey, Jeffrey Smith, Dr. Marvin DeVries, Dr. Don Van Ostenberg, and Roy Welton—are taxable. The court will therefore award deposition costs of $6,968.03.

 Plaintiff's objection to the claimed $152 cost for a summary judgment hearing

transcript hearing has more merit. Defendant no doubt found convenience in having the transcript, but the court finds that it was not necessary at this stage of the proceedings. The court therefore disallows this claimed expense at this time. However, this ruling should not be construed as prohibiting defendant from seeking the recovery of this cost pursuant to Fed.R.App.P. 39 in the event of an appeal.

### CONCLUSION

The court taxes the following costs in favor of the defendant and against the plaintiff:

| | |
|---|---:|
| Witness fees | $ 624.00 |
| Copying | 440.04 |
| Depositions | 6,968.03 |
| Total | $8,032.07 |

So ordered this 27th day of March, 1996.

---

**6.** In the proposed joint final pretrial order, defendant identified Lane Laughlin as a witness. Defendant contends, and plaintiff has not disputed, that it was plaintiff who noticed this deposition. Plaintiff also has not disputed that she noticed the deposition of Larry Ransom. In the proposed joint final pretrial order, both parties identified Mr. Ransom's deposition as one which might be used at trial.