**Larry Darnell JONES, Plaintiff–Appellant,**

v.

**R. KOLB, Ruo, et al., Defendants–Appellees.**

**No. 02–2112.**

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2003.

Larry Darnell Jones, pro se, Marquette Branch Prison, Marquette, MI, for Plaintiff–Appellant.

Kristin M. Smith, Patrick J. Wright, Mitchell J. Wood, Office of the Attorney General, Corrections Division, Lansing, MI, for Defendants–Appellees.

Before SILER and COOK, Circuit Judges; and BERTELSMAN, District Judge.*

## ORDER

Larry Darnell Jones, a Michigan prisoner proceeding pro se, appeals a district court order awarding costs to the defendants after the dismissal of his civil rights case filed pursuant to 42 U.S.C. § 1983. Jones has filed a motion for injunctive relief. He has also filed a motion to reject and deny all further appeals by the defendants. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Jones sued several prison officials at the Standish Maximum Correctional Facility ("SMF") in Standish, Michigan. The complaint was filed on June 22, 2000 based on 42 U.S.C. § 1983. Jones claimed that his civil rights were violated when defendant R. Kolb, with after-the-fact complicity from SMF officials, encouraged another inmate to murder him, that Kolb and others retaliated against him for reporting the plot by contaminating his food, and that the defendants unlawfully blocked his access to the courts by limiting his access to a typewriter. The district court dismissed Jones's complaint on June 4, 2002. Jones appealed from that decision on June 27, 2002 (appeal No. 02–1822), but a subsequent motion to voluntarily dismiss appeal No. 02–1822 was granted on October 4, 2002. After judgment was entered in the underlying case, the defendants filed a motion for $87.80 in costs pursuant to Fed. R.Civ.P. 54(d) and 28 U.S.C. § 1920. The district court granted the motion for costs in an order entered August 5, 2002. Jones filed a timely appeal from this order on August 22, 2002.

Upon review, we conclude that the district court did not abuse its discretion by awarding costs to the defendants. *See Weaver v. Toombs,* 948 F.2d 1004, 1008 (6th Cir.1991); *Sales v. Marshall,* 873 F.2d 115, 120 (6th Cir.1989). Factors relevant to the court's review include whether the costs are permissible, whether the costs are reasonable, and whether the district court has considered the capacity of the indigent litigant to pay the costs. *See Sales,* 873 F.2d at 120. Moreover, the burden is upon the plaintiff to show that

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

he is incapable, as a practical matter, of paying such costs. *Weaver*, 948 F.2d at 1014. Review of the district court's order reveals that the district court considered both the reasonableness of the amount of costs claimed, and the ability of Jones to pay. *See Sales*, 873 F.2d at 120. The amount of costs requested was supported by the record, and the district court's order sets forth a payment plan which takes into account Jones's ability to pay the costs. Moreover, the district court's order limited collection to twenty percent of funds incoming to Jones's prisoner account. Thus, Jones has not shown that the district court abused its discretion by requiring him to pay the $87.80 award.

Accordingly, the district court's order awarding costs to the defendants is affirmed. All pending motions are denied as moot. Rule 34(j)(2)(C), Rules of the Sixth Circuit.