Martha TRBOVICH, et al., Plaintiffs,

v.

The RITZ–CARLTON HOTEL COMPANY, Defendant.

No. 4:94–CV–206 CAS.

United States District Court,
E.D. Missouri,
Eastern Division.

March 7, 1996.

missed for lack of jurisdiction but it by no means demands, or even promotes such a result.

6. Docket No. 31.

7. Fed.R.Civ.Pro. Rule 34 requires a written response, stating any objections, within thirty days.

8. Docket No. 29.

Larry Bauer, Robert Isaacson, Sonnenschein and Nath, Deborah Smiley, Kodrer and Watkins, Gail Wechsler, St. Louis, MO, for defendants.

Kenneth Chackes, Gerald Dunne, Kenneth Gilbert, Bruce Livingston, Gail Wechsler, St. Louis, MO, for plaintiffs.

### *MEMORANDUM AND ORDER*

SHAW, District Judge.

This matter is before the Court on Plaintiffs' Motion for Sanctions for Defendant's Violations of Court Orders Regarding Financial Information pursuant to Federal Rule of Civil Procedure 37(b)(2).

In response to plaintiffs' instant motion for sanctions against defendant the Court issued an order which required defendant to file a memorandum detailing its compliance with (i) plaintiffs' discovery requests pertaining to financial information and (ii) the Court's October 26, 1995 order, which compelled defendant to produce certain documents pertaining to its financial status. The Court's order also required plaintiffs to file information substantiating any fees directly attributable to their efforts to compel defendant to produce financial information.

Upon reviewing defendant's memorandum of compliance in response to the Court's January 29, 1996 order and plaintiffs' response thereto, the Court concludes defendant fully complied with plaintiffs' discovery requests and this Court's orders compelling the production of financial information on or about November 28, 1995. On that date defendant sent plaintiffs' counsel a letter which stated that (i) defendant was sending documents responsive to plaintiffs' recent document requests and (ii) no other documents which plaintiff requested existed. The Court notes, however, that prior to that date, defendant had failed and refused to produce these documents despite Court orders and numerous appearances by the parties at this Court's discovery motion docket, as is more fully detailed in plaintiffs' motion for sanctions.

Federal Rule of Civil Procedure 37(b)(2) provides that a court may impose various sanctions on a party who fails to comply with a court order concerning discovery. Rule 37(b) states, in part, that a court "shall require the party failing to obey the order ... to pay the reasonable expenses, including attorney's fees, caused by the failure...." "The sanctions outlined in Rule 37 provide a district court with valuable tools for preventing the parties to a lawsuit from 'unjustifiably resisting discovery.'" *Tamari v. Bache & Co.*, 729 F.2d 469, 472 (7th Cir. 1984) (citations omitted). Rule 37 sanctions are to be "applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1012 (8th Cir. 1993) (citations and internal punctuation omitted).

In this case, defendant demonstrated a consistent pattern of failure to comply with plaintiffs' discovery requests and the Court's orders. Defendant's earlier failure to comply with plaintiffs' discovery requests and this Court's orders prior to November 28, 1995 has caused plaintiffs to unnecessarily incur additional attorneys' fees. The Court also notes that plaintiffs have incurred attorneys' fees in connection with a hearing on the instant motion for sanctions which was held on November 29, 1995. Accordingly, the Court will award plaintiffs their attorneys' fees attributable to defendant's failure to produce financial information prior to November 28, 1995 and fees related to the November 29, 1995 hearing on plaintiffs' motion for sanctions. The Court will only award attorneys' fees related to the defendant's failure to produce financial information prior to November 29, 1996 since it appears that after that date defendant had complied with plaintiffs' requests and this Court's orders to the best of its abilities.

Pursuant to the Court's January 29, 1996 order, plaintiffs' counsel, Kenneth M. Chackes and Bruce D. Livingston, submitted affidavits detailing their services rendered in an effort to compel defendant to produce financial information. Plaintiffs' attorneys' affidavits also identify their hourly fee rates. Mr. Chackes states his fee rate was $175.00 per hour from 1993 through 1995. Mr. Livingston states his fee rate was $150.00 per hour from 1992 through 1995.[1] Defendant has not filed a response to plaintiffs' counsel's affidavits.

Multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate yields the starting figure for determining a reasonable award of attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). This amount is known as the lodestar figure. A court when awarding attorneys' fees as a sanction may award the lodestar amount. *See Eastway Construction Corp. v. City of New York*, 821 F.2d 121, 122–23 (2d Cir.1987) (discussing Rule 11 sanctions). In this case the Court will use the lodestar method to calculate fees for plaintiffs' attorneys' services.

A fee award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case. *Johnson v. University Col-*

---

1. The hourly rates charged by Mr. Chackes and Mr. Livingston increased on January 1, 1996. The Court's award of attorneys' fees does not include any time expended after that date, and therefore no award is made at the higher rates.

lege of the University of Alabama at Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983). In this case, the Court has before it sufficiently detailed records to assess whether the two attorneys duplicated efforts. *See Herrera v. Valentine,* 653 F.2d 1220, 1233 (8th Cir.1981). Although resolution of a motion for attorneys' fees may sometimes necessitate a hearing, this case does not present such an instance.

■ The Court concludes the hours and rates submitted by plaintiffs' counsel are reasonable and not duplicative. As previously discussed, the Court will award attorneys' fees attributable to defendant's failure to produce financial information prior to November 28, 1995 and fees related to the November 29, 1995 hearing on plaintiffs' motion for sanctions. The Court finds that plaintiff's attorney Mr. Chackes spent 42 hours at a rate of $175.00 per hour and plaintiffs' attorney Mr. Livingston spent 48.7 hours at a rate of $150.00 per hour in connection with these matters. Thus, the Court will award plaintiffs attorneys' fees for Mr. Chackes' services in the amount of $7,350.00 and for Mr. Livingston's services in the amount of $7,305.00. Plaintiffs will be awarded a total of $14,655.00 in attorneys' fees as a sanction for defendant's failure to produce financial information. *See* Fed. R.Civ.P. 37(b)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Sanctions for Defendant's Violations of Court Orders Regarding Financial Information is **GRANTED** as set forth herein. [Doc. 124]

**IT IS FURTHER ORDERED** that plaintiffs are awarded a total of $14,655.00 in attorneys' fees against defendant as a sanction for defendant's failure to produce financial information and to obey the orders of the Court.