**WATKINS & SON PET SUPPLIES,**
Plaintiff,

v.

**The IAMS COMPANY, Defendant.**

No. C–3–95–189.

United States District Court,
S.D. Ohio,
Western Division.

March 18, 2002.

John Regan, Stephen Colbert, Lewisville TX, for Plaintiff.

Jeff Ireland, Mary Wiseman, Dayton, OH, John Yeager, East Lansing, MI, Nicholas Subashi, Dayton, OH, for Defendant.

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT'S RENEWED MOTION FOR ORDER COMPELLING PAYMENT OF COSTS AND SANCTIONS (DOC. #183); DEFENDANT AWARDED ATTORNEY'S FEES AND COSTS IN THE SUM OF $23,367.61, PLUS POST JUDGMENT INTEREST, PURSUANT TO 28 U.S.C. § 1961, ON $7,315.73 OF THAT SUM FROM JANUARY 27, 2000, AND POST-JUDGMENT INTEREST ON THE REMAINDER FROM DATE; JUDGMENT TO BE ENTERED ACCORDINGLY IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF

RICE, Chief Judge.

On September 9, 1999, this Court entered a Decision in which it sustained Defendant's Motion for Sanctions (Doc. #113), a motion with which Defendant had sought an award of attorney's fees and expenses incurred as a result of being required to depose an expert witness identified by Plaintiff a second time, and as a result having had to bring its motion seeking sanctions. *See* Doc. #134. The Defendant had brought that motion pursuant to Rule 37 of the Federal Rules of Civil Procedure. In that Decision, the Court also directed the Defendant to submit a statement quantifying the amount of the expenses and attorney's fees it was seeking. *Id,* To comply with that directive, Defendant submitted its Verified Statement of Costs (Doc. #137). Given that this Court had previously concluded that the Defendant is entitled to recover its attorney's fees and expenses, the Court sustained that request and indicated that it would quantify the amount to be awarded to Defendant by separate entry, after the completion of the then pending appellate pro-

ceedings. *See* Doc. # 178. The Defendant has also sought to recover costs under Rule 54(d) of the Federal Rules of Civil Procedure. *See* Doc. # 170.

After the Sixth Circuit had issued its opinion, affirming this Court's decisions on the merits of this litigation (*see Watkins & Son Pet Supplies v. Iams Co.,* 254 F.3d 607 (2001)), Defendant filed a motion, renewing its requests for attorney's fees and expenses, as a sanction under Rule 37, and costs pursuant to Rule 54(d). *See* Doc. # 183. The Defendant also requests that the Court award post-judgment interest on the amount of attorney's fees and expenses to which it is entitled, pursuant to 28 U.S.C. § 1961, computed from September 9, 1999, the date upon which the Court entered its sanctions order. As a means of analysis, the Court will initially address the parties' arguments pertaining to the Defendant's request for an award of attorney's fees and expenses as a sanction, following which it will turn to their contentions concerning costs under Rule 54(d). Finally, the Court will rule upon the Defendant's request for post-judgment interest.

### I. *Attorney's Fees and Expenses as a Sanction*

In its Decision September 9, 1999, this Court sustained the Defendant's Motion for Sanctions (Doc. # 113), concluding that the Plaintiff should be required to pay, as a sanction under Rule 37, the amount, including reasonable attorney's fees incurred by the Defendant to depose Dr. David A. Huettner ("Huettner"), an expert witness retained by Plaintiff, a second time, and to bring that motion before the Court. *See* Doc. # 134. Therein, the Court also directed Defendant's counsel to submit a statement of that amount and afforded Plaintiff the opportunity of submitting a responsive memorandum. The Defendant has filed such a statement (*see* Doc. # 137), and the Plaintiff has filed its responsive memorandum (*see* Doc. # 143). In addition, although this Court's September 9, 1999, Decision did not authorize the Defendant to file a reply memorandum, it has filed such. *See* Doc. # 146. With its initial statement, the Defendant sought to recover $12,160.84. *See* Doc. # 137. With its reply memorandum, the Defendant requests an award of $12,940.34, asserting that it incurred $779.50 to prepare that filing. *See* Doc. # 146. With its Renewed Motion for Order Compelling Payment of Costs and Sanctions (Doc. # 183), the Defendant requests that the Court award it $12,940.34 in attorney's fees and expenses, the amount set forth in its reply memorandum.

The Plaintiff devotes a significant portion of its memorandum opposing that motion, by arguing that the Court should not impose sanctions upon it. The Plaintiff has not, however, presented a basis for revisiting the Decision of September 9, 1999 (Doc. # 134), which imposed sanctions on the Plaintiff. For the reasons set forth in that exhaustive Decision, and in the absence of a rational argument as to why that Decision should be reconsidered, this Court rejects the Plaintiff's argument in that regard. That said, the Court must determine the amount of sanctions to award. As indicated, the Defendant seeks $12,940.34, a sum which is composed of $10,771.25 for attorney's fees and $2,169.09 for expenses. As a means of analysis, the Court will initially discuss the attorney's fees requested by the Defendant, following which it will turn to the amount of expenses it seeks.

■ Courts have held that the lodestar method of calculating reasonable attorney's fees is applicable to fees awarded under Rule 37. *See e.g., Hart v. Parks,* 2001 WL 636444 (C.D.Cal.2001); *CoStar Group, Inc. v. LoopNet, Inc.,* 106 F.Supp.2d 780, 787 (D.Md.2000); *Enviro-*

*source, Inc. v. Horsehead Resource Dev. Co.,* 981 F.Supp. 876, 881 (S.D.N.Y.1998); *Trbovich v. Ritz–Carlton Hotel Co.,* 166 F.R.D. 30, 32 (E.D.Mo.1996); *Bowne of New York City, Inc. v. AmBase Corp.,* 161 F.R.D. 258, 266 (S.D.N.Y.1995). In *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court established the lodestar method of determining attorney's fees, stating that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433, 103 S.Ct. 1933. *See also, Blanchard v. Bergeron,* 489 U.S. 87, 94, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). Such computation results in the lodestar amount.[1] The party seeking attorney's fees bears the burden of proof on the number of hours reasonably expended and the reasonableness of the rates claimed. *Granzeier v. Middleton,* 173 F.3d 568, 577 (6th Cir.1999). *See also, Reed v. Rhodes,* 179 F.3d 453, 472 (6th Cir.1999) (noting that the party seeking attorney's fees bears the burden of documenting her entitlement to the award). In determining the number of hours reasonably expended, the District Court should exclude excessive, redundant, or otherwise unnecessary hours. *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933. A District Court's award of attorney's fees is entitled to "substantial deference." *Fisher v. City of Memphis,* 234 F.3d 312, 319 (6th Cir.2000).

As indicated, the Defendant seeks attorney's fees in the sum of $10,771.25, which is comprised of $3,407.50 to redepose Huettner, $4,411.25 to brief its Motion for Sanctions including the reply memorandum, $2,180.00 to file its Verified Statement of Costs (Doc. # 137), and $772.50 to file a verified reply in support of that verified statement. The Court will address these items in the above order.

The Plaintiff argues that the Court should deny recovery of the attorney's fees Defendant incurred to redepose Huettner. *See* Doc. # 143. Since this Court has previously concluded that the Defendant is entitled to recover such fees (*see* Doc. # 134), it rejects the Plaintiff's argument that all recovery should be denied. The Defendant seeks to recover for the work of three attorneys on the redeposition of Huettner, 15.25 hours for D. Jeffrey Ireland ("Ireland"), 0.75 hours for Mary Wiseman ("Wiseman") and 1.00 hour for Lisa Parilo ("Parilo"). Ireland took Huettner's deposition and the Defendant has not explained why the participation of Wiseman and Parilo was necessary; therefore, the Court will approve the amount of attorney's fees requested for Ireland and deny those requested for Wiseman and Parilo. Accordingly, the Court awards $3,202.50 for attorney's fees for Ireland (15.25 hours at $210.00 per hour).[2]

The Defendant seeks to recover fees for three attorneys and two paralegals to prepare and to file its Motion for Sanctions and its reply in support thereof, to wit: Ireland 2.00 hours, Wiseman 4.00 hours, Parilo 33.25 hours, paralegal Sandy Kreitzer 6.50 hours and paralegal Beth O'Connor 2.25 hours. The Plaintiff argues that the Defendant is seeking an excessive amount to prepare and to brief its request

---

1. The *Hensley* Court also indicated that the lodestar amount may be enhanced or reduced by a multiplier. 461 U.S. at 434–37, 103 S.Ct. 1933. Since neither party argues that the Court should enhance or reduce the amount of attorney's fees the Defendant is requesting, the Court does not consider a multiplier.

2. The Plaintiff has not challenged the hourly rate requested for any attorney or paralegal. The Court finds those rates to be reasonable and supported by the affidavit of Defendant's lead counsel, Ireland.

for sanctions. This Court agrees. To expend 48 hours briefing a relatively simple request for sanctions is excessive. Moreover, to devote the energies of five professionals to that task can lead to redundancies and inefficiencies. It is apparent that Parilo did most of the work briefing that request, while Ireland and Wiseman reviewed her work. This Court will not approve attorney's fees for such a multi-level review of a straight forward request for sanctions. Therefore the Court will only approve the fees requested for Wiseman, $640.00 (4.00 hours at $160.00 per hour).[3] Based upon its experience ruling upon all manner of requests for attorney's fees, the Court also finds the number of hours requested for Parilo to be excessive and will reduce that number to 15.00, thus awarding Defendant $1275 (15.00 hours at $85.00 per hour) for the time expended by her to brief the request for sanctions. The Court will also award attorney's fees for the time spent by only one paralegal, Kreitzer, who spent more time than her colleague, thus awarding Defendant $390 (6.5 hours at $60.00 per hour) for the time expended by her. In sum, the Court awards the Defendant $2,305.00 for attorney's fees incurred to brief its request for sanctions.

■ The Defendant argues that counsel spent 23.00 hours to prepare the Verified Statement of Costs and memorandum in support thereof. In its Decision of September 9, 1999, the Court directed the Defendant to submit a statement of expenses, including attorney's fees. The Court did not invite another round of briefing. Therefore, it is not appropriate to require the Plaintiff to pay for Defendant to prepare an uninvited memorandum. The verification of the amount

sought by Defendant is furnished by Ireland's affidavit. Therefore, the Court will approve the $157.50 Defendant seeks for the time spent by Ireland (0.75 hours at $210.00 per hour). In addition, the Court will approve 4.00 hours of the time spent by Parilo which it estimates she spent to draft that affidavit, or $340.00, at $85.00 per hour. In sum, the Court awards the Defendant $497.00 as attorney's fees for the time spent to prepare its Verified Statement of Costs.

The Defendant seeks $772.50 as attorney's fees for the time spent to prepare its reply in support of the Verified Statement of Costs. Since the Court did not authorize the filing of such a reply in its Decision of September 9, 1999 (Doc. # 134), it declines to award attorney's fees for that task.

In sum, the Court awards attorney's fees in the sum of $6,004.50 to the Defendant.

The Defendant also seeks $2,169.09 for expenses. The Court may quickly dispose of two components of that request. The Defendant seeks $1,199.46 as travel expenses incurred by its counsel to redepose Huettner. Since the Plaintiff has conceded that the Defendant is entitled to recover that amount (*see* Doc. # 143), the Court awards $1,199.46 to the Defendant as travel expenses. The Defendant also seeks $766.00 for the transcript of the redeposition of Huettner. Below, the Court authorizes the Defendant to recover that sum as a component of its costs, pursuant to Rule 54(d). To avoid double recovery, the Court will not authorize the Defendant to recover that amount as part of the sanctions imposed upon the Plaintiff.

---

**3.** The Court does not doubt that both Ireland and Wiseman incurred the time for which the Defendant seeks compensation. The Court has approved the four hours that Wiseman expended, because she expended more hours than did Ireland. There was no need for two partners to review the Defendant's memoranda in support of its request for sanctions.

■ The Defendant also seeks to recover $134.00 as an expense for the copies of its filings in support of its request for sanctions.[4] The Court will award the Defendant a reasonable such expense; however, based upon its experience ruling upon many requests for costs and expenses, the Court concludes that the per page amount sought by the Defendant, $0.20, is excessive and will reduce that amount to $0.10 per page. Therefore, the Court awards the Defendant $67.00 as copying costs.

The Court will award the Defendant the $27.00 which it expended to obtain the transcript of a telephone conference call, during which the Court and counsel discussed the issue of whether Huettner was prepared for his deposition. Simply stated, the transcript of that conference call was central to this Court's Decision (Doc. # 134), sustaining the Defendant's request for sanctions.

■ The Defendant also seeks $35.63 as miscellaneous expenses. The Court will approve $17.75 of that amount, the expense incurred by counsel to park at the airport when he traveled to redepose Huettner. Since the Defendant has not explained the reasons behind the $5.00 "out-of-pocket cost for travel" incurred, the Court will not permit it to recover same. In addition, the Defendant has not submitted evidence that its counsel would not have eaten lunch on the day he deposed Huettner a second time and that, therefore, the $2.34 for counsel's lunch was incurred because of the Plaintiff's sanctionable behavior. The Court will also decline to award $10.54 for mileage for Defendant's counsel to travel to the airport, at the rate of $0.31 per mile. Counsel has

not submitted evidence that he incurs such a per mile expense with his automobile.

In sum, the Court awards the Defendant the sum of $1,311.21, to compensate it for expenses incurred to redepose Huettner and to brief its request for sanctions.

Based upon the foregoing, the Court awards Defendant the sum of $7,315.71 as sanctions.

## II. Costs

With its Verified Bill of Costs (Doc. # 170) and Renewed Motion for Order Compelling Payment of Costs and Sanctions (Doc. # 183), the Defendant seeks to recover the sum of $17,780.90 as costs. In particular, the Defendant seeks $10,202.50 as fees paid to court reporters for transcripts necessarily obtained for use in this litigation, $80.00 as fees for witnesses and $7,498.40 as costs incurred for exemplification and copies of papers which were likewise necessarily obtained for use in this litigation. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs."

■ The Plaintiff argues that this Court should exercise its discretion and decline to award costs to the Defendant. The Sixth Circuit has indicated that Rule 54(d) creates a presumption that costs should be awarded in favor of the prevailing party, and that the District Court retains limited discretion to disallow costs. *White & White v. American Hospital Supply Corp.*, 786 F.2d 728, 730 (6th Cir.1986). Therein, the Sixth Circuit upheld the decision of the District Court not to award costs to the prevailing defendant, because

---

4. The Defendant also seeks $7.00 as a copying expense incurred to file its reply in support of the Verified Statement of Costs. Since the Court did not authorize the filing of such a memorandum, it will not permit Defendant to recover its copying expenses for same from the Plaintiff.

plaintiff had brought the litigation in good faith and, further, given that the case had been close and extremely difficult to resolve, having taken 80 days to try. *White & White* is distinguishable from the instant litigation, given that the Plaintiff's claims in this litigation were disposed of by way of motions to dismiss and for summary judgment. The Plaintiff argues that the Court should decline to tax costs on it, because it cannot afford to pay such. In *White & White,* the Sixth Circuit concluded that the District Court had erred when it relied upon the plaintiff's inability to pay as a basis for declining to tax costs. Accordingly, the Court rejects the Plaintiff's request that it deny an award of costs to the Defendant. That said, the Court must determine whether the Defendant is entitled to recover the entire amount it seeks.

In *Crawford Fitting Company v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), the Supreme Court held that 28 U.S.C. § 1920 "now embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party." *Id.* at 440, 107 S.Ct. 2494. Section 1920 provides, in pertinent part:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In *Crawford Fitting,* the Supreme Court emphasized that Rule 54(d)(1) is not a separate source of authority, granting to District Courts the discretion to tax items which are not set forth in § 1920 as costs. 482 U.S. at 441–42, 107 S.Ct. 2494. *See also, Trepel v. Roadway Express, Inc.,* 266 F.3d 418, 426 (6th Cir.2001). Accordingly, this Court may award costs to Defendant, only for those items which are set forth in § 1920. With that overview in mind, the Court turns to the three items for which the Defendant seeks to recover, to wit: fees for the court reporter for deposition transcripts, witness fees and copies, discussing them in the above order.

■ The Defendant is entitled to recover fees paid to court reporters for transcripts of depositions. *See* 28 U.S.C. § 1920(2). *See also, United States E.E.O.C. v. W & O, Inc.,* 213 F.3d 600, 620 (11th Cir.2000); *In re Baby Food Antitrust Litigation,* 166 F.3d 112, 138 (3rd Cir.1999); *Evanow v. M/V Neptune,* 163 F.3d 1108, 1118 (9th Cir.1998); *Sales v. Marshall,* 873 F.2d 115, 119 (6th Cir.1989). Of course, in accordance with § 1920(2), only transcripts of depositions "necessarily obtained for use in the case" may be recovered as costs. In *Sales,* the Sixth Circuit explained that "necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Id.* at 119. *See also, Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir.2000), *cert. denied,* 531 U.S. 1079, 121 S.Ct. 779, 148 L.Ed.2d 676 (2001). Herein, the Defendant has established, through the affidavit of counsel, that it necessarily obtained the transcripts of the depositions in question. Indeed, Defendant seeks to recover costs for only the transcripts of the ten witnesses it relied upon in its Motion for Summary Judg-

ment. Moreover, the Plaintiff does not argue that some one or more or all of the deposition transcripts was not necessarily obtained. Accordingly, the Court concludes that the Defendant is entitled to recover $10,202.50 for deposition transcripts.

■ Defendant is also entitled to recover the amount which is authorized to be paid to witnesses by 28 U.S.C. § 1821(b), i.e., $40.00 a day plus mileage. *See* 28 U.S.C. § 1920(3). *See also, Crawford Fitting, supra.* Herein, Defendant seeks to recover $80.00 as a witness fee for Dr. Steven Schwartz, its expert economist. The Defendant indicates that it seeks to recover $40.00 per day for the two days of his deposition which occurred on July 22–23, 1999. The flaw in the Defendant's request is that it has failed to furnish evidence or even indicate that it has paid the $80.00 to Dr. Schwartz, as a witness fee pursuant to 28 U.S.C. § 1821(b). In other words, there is no evidence that the Defendant incurred the cost which it is now seeking to recover. Accordingly, the Court will not award $80.00 to Defendant for a witness.

Under § 1920(4), the Defendant may recover as costs copies of papers "necessarily obtained for use in the case." *Jordan v. Vercoe,* 1992 WL 96348, 966 F.2d 1452 (6th Cir.1992). The Defendant seeks to recover $7,498.40 for two types of expenses for copies.

■ *First,* Defendant seeks $1649 for the cost it incurred to produce documents to the Plaintiff. According to the affidavit of Defendant's counsel, an invoice was sent

to Plaintiff for documents produced for it. However, Plaintiff has paid a only a portion of that invoice. The Court will not permit the Defendant to recover $1649 for the copies of documents it produced to the Plaintiff, since there is no evidence that the Defendant necessarily obtained those documents for use in this litigation. On the contrary, the Defendant produced those documents to the Plaintiff. If the Plaintiff or its counsel is contractually obligated in that sum to Defendant, the latter must seek that amount in a separate action for breach of contract.

■ *Second,* Defendant seeks to recover $5,849.40, which it paid to a copying service in Detroit for copies of documents which the Plaintiff had produced during discovery. Courts have routinely held that a prevailing party may recover, as costs pursuant to § 1920(4), the expenses it incurs to copy documents produced by the opposing party during discovery. *See e.g., M.T. Bonk Co. v. Milton Bradley Co.,* 945 F.2d 1404, 1410 (7th Cir.1991). Accordingly, the Court concludes that the Defendant is entitled to recover $5,849.40, for the cost it incurred to copy documents Plaintiff produced during discovery.[5]

Based upon the foregoing, the Court concludes that the Defendant is entitled to recover $16,051.90 as costs.

### III. Post-judgment Interest

■ Defendant requests that the Court award post-judgment interest on the amount of sanctions ($7,315.71) it is awarded.[6] The Defendant requests that the

---

5. Plaintiff has not argued that the documents it produced during discovery were not necessarily obtained by Defendant.

6. Herein, the Court quantifies the sum of costs ($16,051.90) that the Defendant is entitled to recover under Rule 54(d). In accordance with 28 U.S.C. § 1961, the Defendant

will be entitled to post-judgment interest on that amount, to be computed from today, the day upon which judgment quantifying the amount of costs is entered. The Defendant has not argued that post-judgment interest on those costs should be computed from some other date; therefore, the Court does not address that question.

Court order the interest be calculated from September 9, 1999, the date upon which the Court entered its Decision imposing sanctions on the Plaintiff. For reasons which follow, the Court concludes that the Defendant is entitled to recover interest on the sum awarded as sanctions, from January 27, 2000, the date upon which judgment was entered in its favor. *See* Doc. # 163.

In *Associated General Contractors of Ohio v. Drabik,* 250 F.3d 482 (6th Cir. 2001), the Sixth Circuit held that interest on an award of attorney's fees must be computed from the date that judgment was entered, even though the amount of that award was not quantified for many months. The Plaintiff has not suggested a basis for distinguishing that case from the Defendant's request that post-judgment interest be applied to the award of sanctions entered herein, an amount which is primarily comprised of attorney's fees. Therefore, in accordance with *Associated General Contractors of Ohio,* this Court concludes that the Defendant is entitled to recover post-judgment interest on the sanctions imposed. The question remains whether such interest should be calculated from the date of the sanctions order or the date that judgment was entered herein, which was the date selected by the Sixth Circuit in *Associated General Contractors of Ohio.*

The Defendant bases its request that interest be calculated from the September 9.1999, the date upon which the Court imposed sanctions on the Plaintiff, upon *BankAtlantic v. Blythe Eastman Paine Webber,* 12 F.3d 1045, 1053 (11th Cir.1994). Therein, the Eleventh Circuit held that interest on an award of sanctions should be calculated from the date that sanctions were imposed, because that order was a judgment under Rule 54(a) of the Federal Rules of Civil Procedure, an order from which an appeal would lie. Defendant has failed to locate subsequent Supreme Court authority, which undercuts the holding of *BankAtlantic* to this litigation. In *Cunningham v. Hamilton County, Ohio,* 527 U.S. 198, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999), the Supreme Court held that an order imposing sanctions on an attorney for discovery abuses under Rule 37, was not a final decision subject to an appeal. Accordingly, this Court's order imposing sanctions on the Plaintiff was not a final judgment which was appealable. Rather, it was not until judgment was entered on January 27, 2000, on the merits of the litigation, that the Court's order imposing sanctions was subject to appeal. On the basis of *Cunningham,* this Court concludes that post-judgment interest on the amount awarded as sanctions ($7,315.71) can be computed only from January 27, 2000.

Based upon the foregoing, the Court sustains in part and overrules in part the Defendant's Renewed Motion for an Order Compelling Payment of Costs and Sanctions (Doc. # 183). That motion is sustained to the extent that the Defendant seeks to recover $23,367.61, and is overruled to the extent it has requested a greater sum.

Judgment is to be entered in favor of the Defendant and against the Plaintiff, in the sum of $23,367.61. Such judgment shall also provide that post-judgment interest, pursuant to 28 U.S.C. § 1961, on $7,315.71 of that sum awarded as sanctions shall be computed from January 27, 2000, and post-judgment on the remainder ($16,051.90) awarded as costs be computed from this date.