**Fred SUTTER, Plaintiff–Appellant,**

v.

**GENERAL MOTORS CORPORATION; International Association of Machinists/Pattern Makers Division, Local 2808; International Association of Machinists and Aerospace Workers, Defendants–Appellees.**

Nos. 02–3571, 03–3118.

United States Court of Appeals, Sixth Circuit.

June 9, 2004.

Dennis R. Thompson, Jacquenette S. Corgan, Thompson Law Offices, Akron, OH, for Plaintiff–Appellant.

Edward L. Lavelle, Letson, Griffith, Woodall, Lavelle & Rosenberg, Warren, OH, Bryan P. O'Connor, Goldstein & O'Connor, Cleveland, OH, for Defendants–Appellees.

Before MARTIN, RYAN, and MOORE, Circuit Judges.

MOORE, Circuit Judge. Concurs in the judgment only.

RYAN, Circuit Judge.

The plaintiff, Fred Sutter, brought this claim under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, alleging that his union representatives breached their duty to him of fair representation. Sutter appeals the district court's order granting summary judgment in favor of the defendants and awarding costs against him. We AFFIRM.

I.

Sutter worked for the defendant, General Motors Corporation, as a pattern maker in its Mansfield, Ohio, plant. While he was employed at General Motors, Sutter was a member of the International Association of Machinists and Aerospace Workers (IAM), the exclusive bargaining representative for pattern makers at Mansfield. Sutter was also a member of the International Association of Machinists/Pattern Makers Division, Local 2808, the local affiliate of IAM. Both IAM and Local 2808 are defendants in this case.

The pattern makers at the Mansfield plant are covered by a CBA, which union members ratified on December 2, 1996. The CBA contains an agreement between IAM and General Motors to participate in the "Job Security Program" (JOBS) whose purpose is to maintain "pre-determined secured employment levels" and to "protect[ ] against indefinite layoff for eligible employees."

Shortly after the CBA was reached, representatives of General Motors and IAM met to discuss the consolidation of the Mansfield pattern making shop with two other shops. In order to avoid laying off pattern makers at the Mansfield plant, the defendants devised a "Special Placement Program" (SPP). Under the SPP, pattern makers at the Mansfield plant were given five options: (1) normal retirement with a car voucher and cash; (2) mutually satisfactory retirement for employees age 55 or older; (3) consideration for job openings as a pattern maker in another plant; (4) consideration for job openings in other trades at a General Motors plant; and (5) leave of absence without benefits.

Sutter initially chose option two—mutually satisfactory retirement—and, under protest, signed a form acknowledging that his selection was irrevocable. Later, he changed his mind and chose option four—consideration for a job opening in another trade. Later still, Sutter filed a grievance against General Motors and IAM alleging irregularities in the SPP. General Motors and IAM agreed to settle the grievance by offering Sutter a position as a pattern maker in the company's Saginaw, Michigan, plant. Sutter rejected the offer of employment and IAM withdrew his grievance.

Sutter filed a complaint in federal district court that was characterized as a hybrid breach of contract and fair representation claim under 29 U.S.C. § 185. The district court granted summary judgment in favor of the defendants and ordered Sutter to pay $5,085.63 for costs associated with trial, including fees of the court reporter for obtaining transcripts and fees for printing. The clerk of the court entered the order awarding costs on March 8, 2002. Over eight months later, on November 13, 2002, Sutter filed a motion to vacate or stay the order awarding costs. The district court denied this motion as untimely under Federal Rule of Civil Procedure 54(d)(1). Sutter appeals the district court's order granting summary judgment in favor of the defendants, as well as its order denying his motion to vacate or stay the order awarding costs.

## II.

We review an order granting summary judgment *de novo*. *Mahon v. Crowell*, 295 F.3d 585, 588 (6th Cir.2002). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In reviewing the district court's grant of summary judgment, this court draws all justifiable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

We review an order awarding costs for an abuse of discretion. *Trepel v. Roadway Express, Inc.*, 266 F.3d 418, 425 (6th Cir. 2001).

## III.

Sutter claims that General Motors violated the terms of the CBA by negotiating and implementing the SPP, which altered layoff and retirement benefits, concealed the fact that General Motors' Board of Directors did not approve the SPP, and refused to reinstate benefits due him. General Motors maintains that it negotiated and implemented the SPP according to the powers granted in the CBA to protect workers from indefinite layoffs. The Honorable Donald C. Nugent, United States District Judge, in a carefully reasoned and well written opinion, held that the SPP did not alter benefits under the CBA and that there was no genuine issue of material fact that General Motors violated the CBA in any respect. Since the district court found no breach of the CBA by the employer, it declined to address Sutter's breach of fair representation claim against the unions. We agree entirely with the learned district judge's reasoning, and do not believe that we can improve upon it. We therefore adopt as our own the district court's opinion as it relates to Sutter's hybrid § 301 claim.

## IV.

The only other question we must address is whether the district court abused its discretion by dismissing, as untimely, Sutter's motion to vacate or stay its order awarding costs in favor of the defendants. Sutter claims that his motion should have been considered timely because he was never served with a bill of costs and did not have notice that costs had been assessed against him. With respect to the merits of his motion, he maintains that the costs were excessive because they included expenses for binding and tabbing, which are not authorized by statute. He also claims that the costs included expenses that were unnecessary because

they related to deposition transcripts that were never referred to by the defendants or the district court. Finally, Sutter claims that imposing costs on him would be inequitable because it would discourage employees from bringing suit against unions and employers.

The Federal Rules of Civil Procedure state the following with respect to the award of costs:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.... Such costs may be taxed by the clerk on one day's notice. *On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.*

Fed.R.Civ.P. 54(d)(1) (emphasis added). A court may extend the five-day period for challenging the taxation of costs if the request is made within the period originally prescribed or where the failure to act is the result of excusable neglect. Fed. R.Civ.P. 6(b); *Soberay Mach. & Equip. Co. v. MRF Ltd.,* 181 F.3d 759, 770 (6th Cir.1999). The time limit prescribed by Rule 54(d)(1) is not jurisdictional and this court may exercise its discretion to review the merits of an untimely objection to the taxation of costs. *Soberay,* 181 F.3d at 770.

■ Among the costs that a judge or clerk of the court may tax are "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case," "[f]ees and disbursements for printing and witnesses," and "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920. "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party.

Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall,* 873 F.2d 115, 120 (6th Cir.1989).

Sutter's motion to vacate or stay the order awarding costs was filed with the district court over eight months after the order was entered and, therefore, was untimely under Rule 54(d)(1). He also failed to request an extension of the time to file a challenge to the taxation of costs under Rule 6(b). While this court may exercise its discretion to consider Sutter's untimely objection to the taxation of costs, such a consideration would not change the result reached by the district court. Sutter waived his objections to the costs of tabbing and to the alleged inequity of taxing the costs to him by not raising these issues in the district court. Generally, we do not review issues raised for the first time on appeal unless the proper resolution is beyond doubt or a plain miscarriage of justice might otherwise result. *United States v. Ninety–Three (93) Firearms & Assorted Firearm Parts & Ammunition,* 330 F.3d 414, 424 (6th Cir.2003). Finally, there is no legal basis to support Sutter's claim that certain deposition transcripts were not necessary and that the costs of such transcripts should not be taxed to him because the defendants and the district court did not refer to them. The necessity of a deposition is determined at the time of taking. The fact that the deposition was not used at trial did not render it unnecessary. *See Sales,* 873 F.2d at 120.

### V.

The district court did not err in concluding that General Motors was not shown to have violated the terms of the CBA, which was an essential element of Sutter's hybrid § 301 claim. Therefore, it is not necessary to address whether the union representing

him acted "in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." *DelCostello*, 462 U.S. at 164, 103 S.Ct. 2281. Furthermore, Sutter has failed to show that the district court abused its discretion when it dismissed his motion to vacate or stay its order awarding costs. For the foregoing reasons, the judgment of the district court is AFFIRMED.