NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0068n.06

No. 10-2461

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| HILLSIDE PRODUCTIONS, INCORPORATED; GARY RONCELLI; JOSEPH VICARI, | ) ) ) ) | **FILED** **_Jan 19, 2012_** LEONARD GREEN, Clerk |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| COUNTY OF MACOMB, | ) ) | COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| Defendant-Appellee, | ) ) | |
| and | ) ) | |
| MACOMB COUNTY PARKS AND RECREATION COMMISSION, | ) ) ) | |
| Defendant. | ) ) | |

BEFORE: COOK, WHITE, and DONALD, Circuit Judges.

PER CURIAM. Plaintiffs appeal two district court orders overruling as untimely their objections to clerk orders taxing costs. After defendant prevailed at trial, it filed a motion for costs of $48,530.76. On July 1, 2008, the district court clerk taxed costs of $12,943. The order, which was e-mailed to counsel, stated that plaintiffs had five days to file objections. Plaintiffs filed a motion to review the order on July 10, 2008, objecting to $2,265.60 of the costs. Due to a clerical error, the motion was not resolved until June 2010. The district court overruled the motion as untimely, noting that it should have been filed by July 9, 2008. Plaintiffs moved for reconsideration,

arguing that the district court should have added three days to the relevant period, pursuant to Federal Rule of Civil Procedure 6(d). The district court denied the motion for reconsideration, concluding that Rule 6(d) did not apply because plaintiffs were not required to file the motion "within a specified time after service."

After the underlying judgment was affirmed on appeal, defendant filed a motion for additional costs of $19,254.55. On August 18, 2010, the district court clerk entered an order taxing costs of $11,325.95. The order, which was e-mailed to counsel, gave plaintiffs seven days to file objections. Plaintiffs moved for review of the costs on August 31, 2010. The district court found these objections also untimely, and it denied the motion.

Plaintiffs appeal from both orders overruling as untimely their objections to the bills of costs. While they do not contest the district court's application of the limitations period, they reassert their argument that Rule 6(d) rendered their objections to the original bill of costs timely, and challenge both bills of costs on the merits.

An order awarding costs is reviewed for an abuse of discretion. *See Singleton v. Smith*, 241 F.3d 534, 538 (6th Cir. 2001). While a court may exercise its discretion to review untimely objections, *see Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 770 (6th Cir. 1999), we have affirmed the denial of untimely motions for review of costs, *Sutter v. Gen. Motors Corp.*, 100 F. App'x 472, 475 (6th Cir. 2004). In this case, the district court did not abuse its discretion in concluding that the original motion for review of costs was untimely. It properly noted that the Rule relied on by plaintiffs applies only when a period of time runs from the date of service. Federal Rule of Civil Procedure 54(d) does not compute the period for filing a motion to review an order taxing costs from the date of service. *See* Fed. R. Civ. P. 54(d)(1) (setting time period for motions to

"review the clerk's *action*") (emphasis added). Therefore, Rule 6(d) does not apply. *See Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1261 (7th Cir. 1994); *cf. FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 682 (6th Cir. 1999) (holding that the three-day extension does not apply where deadline runs from entry of judgment, not service). Further, Plaintiffs did not request an extension of time under Rule 6(b), and they have provided no excuse for their delay.

The district court also did not abuse its discretion in concluding that plaintiffs' motion for review of the order taxing costs for the appeal was untimely. Indeed, plaintiffs make no argument in their brief on appeal as to why this motion should have been deemed timely. In light of our disposition of the timeliness issue, we need not reach the merits of plaintiffs' objections.

Accordingly, the district court's orders are affirmed.