16 F.3d 1218
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Muhammad ABDUR-RAHMAN, Plaintiff-Appellant,
v.
BALLINGER, Officer, Defendant-Appellee.
 No. 93-1913.
 United States Court of Appeals, Sixth Circuit.
 Jan. 21, 1994.
 
 Before: MILBURN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Muhammad Abdur-Rahman, pro se, appeals a district court order granting the defendant's motion to tax costs in the amount of $45.25. 28 U.S.C. Sec. 1920; Fed.R.Civ.P. 54(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Prior to its order taxing costs, the district court had granted summary judgment in favor of the defendant, disposing of Abdur-Rahman's civil rights complaint filed under 42 U.S.C. Sec. 1983. Abdur-Rahman did not appeal this order entered April 30, 1993.
 
 
 3
 On May 24, 1993, the defendant then filed the motion to tax costs now before this court for consideration. The defendant requested $20.25 for "exemplification" in copying fees and $25 for "nominal attorney fees" pursuant to 28 U.S.C. Sec. 1923. The district court then requested a response from Abdur-Rahman and ordered that the response, as well as a written brief, be filed no later than June 15, 1993. The record contains a document filed by Abdur-Rahman on June 11, 1993, entitled "Plaintiff's Objection to Tax and Costs." On June 23, 1993, the district court order was filed, granting the defendant's Motion to Tax Costs. In this order, the district court stated that the plaintiff did not respond to the Motion to Tax Costs, and, therefore, there was "no record as to plaintiff's present economic status." The court went on to say that the plaintiff's failure to show an inability to pay costs "excuses the court from making a determination of capacity to pay the costs," relying on Weaver v. Toombs, 948 F.2d 1004, 1008-14 (6th Cir.1991), and on In re Ruben, 825 F.2d 977, 987 (6th Cir.1987), cert. denied, 485 U.S. 934 (1988). Thus, the district court ordered the plaintiff to pay the requested amount.
 
 
 4
 On appeal, Abdur-Rahman argues that the district court "inadvertently forgot to consider the response plaintiff submitted." The plaintiff argues that he did submit a brief in opposition to the defendant's motion for costs and that he is now indigent, as he no longer has a prison job and has no other monetary sources.
 
 
 5
 This court decided in Weaver v. Toombs that costs may be imposed against a plaintiff who is allowed to proceed in forma pauperis whether or not his lawsuit is deemed frivolous or simply without merit. In Sales v. Marshall, 873 F.2d 115, 120 (6th Cir.1989), this circuit required a determination of whether a party claiming indigency had the capacity to pay the costs assessed. In such cases, this court has remanded on the issue of assessment of costs against an unsuccessful plaintiff for determining capacity to pay because "district judges are encouraged to consider the question of indigency fully for the record." In re Ruben, 825 F.2d at 987. Federal courts may look to a prisoner's trust account balance, his income, and other factors, such as the litigation history of the party, good faith and the actual dollars involved. See Weaver, 948 F.2d at 1013. Because Abdur-Rahman's response to the cost motion was "somehow overlooked," as the plaintiff argues, the case must be remanded for further consideration of this prisoner's ability to pay and to consider his argument that he is now indigent.
 
 
 6
 Accordingly, the district court's order imposing costs is hereby vacated and the case is remanded for a determination as to whether the requested costs are reasonable and within Abdur-Rahman's ability to pay. Rule 9(b)(3), Rules of the Sixth Circuit.