**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 15a0334n.06**

**No. 14-6115**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
May 06, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LASHAUNNA BANKS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| BOSCH REXROTH CORPORATION; DAN | ) | EASTERN DISTRICT OF KENTUCKY |
| REYNOLDS; GEOFF O'NAN; VALENDA | ) | |
| ALLEN, | ) | OPINION |
| | ) | |
| Defendants-Appellees. | ) | |

**BEFORE:** **DAUGHTREY, McKEAGUE, and STRANCH, Circuit Judges**

PER CURIAM. Plaintiff LaShaunna Banks files this appeal challenging the district court order that taxed her with the litigation costs of defendants Bosch Rexroth Corporation, Dan Reynolds, Geoff O'Nan, and Valenda Allen (collectively, "Bosch"). Following entry of summary judgment, Bosch applied to the clerk to recover $7,609 of taxable costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. The clerk denied Bosch payment for several items to which Banks objected, including pro hac vice fees, postage charges, and the cost of videotaping depositions, but taxed Banks with the remaining amount, $5,579.14. Banks filed a motion in the district court for review of the clerk's taxation of costs, arguing that she should not be made to pay costs because she is indigent, that she should not be charged for Bosch's second deposition of her, and that the payment of costs should be deferred pending her appeal on the merits. The district court denied Banks's motion and awarded Bosch all the costs

the clerk had taxed. This appeal followed. We AFFIRM the district court's taxation of costs in the amount of $5,579.14.

## I. ANALYSIS

Federal Rule of Civil Procedure 54(d) provides that "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." This rule "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) (quoting *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)). "In order to award costs to a prevailing party, the court must determine that the expenses are allowable and that the amounts are reasonable and necessary." *Baker v. First Tennessee Bank Nat. Ass'n*, 142 F.3d 431, 1998 WL 136560 at *2 (6th Cir. 1998) (table).

We have identified several factors a losing party may present to overcome the presumption in favor of a cost award. These include "the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Singleton*, 241 F.3d at 539 (citing *White & White, Inc.*, 786 F.2d at 730). The indigency of the losing party is another factor that weighs in favor of denying costs, *Id*. (citing *Jones v. Continental Corp.*, 789 F.2d 1225, 1233 (6th Cir. 1986)), though indigency or *in forma pauperis* status does not "provide an automatic basis for denying taxation of costs against an unsuccessful litigant." *Id*. The ability of the winning party to pay his own costs is irrelevant. *White and White, Inc.*, 786 F.2d at 730. We review a district court's decision concerning the awarding of costs for abuse of discretion. *Singleton*, 241 F.3d at 538.

**A. The cost of Banks's second deposition**

As a general matter, 28 U.S.C. § 1920(2) and § 1920(4) "have been interpreted to authorize taxing as costs the expenses of taking, transcribing and reproducing depositions," and "[o]rdinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir 1989). On appeal, Banks argues that it was improper for the district court to tax her with the $2,395 cost of her second deposition because it was not "necessarily obtained for use in the case," as required by 28 U.S.C. § 1920(2).

The district court reopened discovery to give Bosch the opportunity to depose Banks a second time, due to newly-produced discovery materials. Banks's second deposition addressed these materials and established many facts cited in support of Bosch's successful motion for summary judgment. If it had been feasible to obtain the pertinent information from Banks in a single deposition, taxing the costs of the second deposition would be inappropriate because those costs would not be reasonable and necessary. Banks, however, has made no such showing here. The deposition was allowed in light of "newly produced discovery," and the extensive use of the deposition in Bosch's motion practice shows that it was "reasonably necessary for the litigation." The district court committed no error by taxing its cost against Banks.

**B. Bosch's other costs**

Banks argues that the district court committed reversible error by failing to determine that each and every item on Bosch's bill of costs was "reasonable and necessary." The final bill of costs is comprised of the following three line items:

- Fees of the clerk [for removal to federal court]    350.00

- Fees for deposition transcripts necessarily obtained    4,827.60
  for use in the case

- Fees for the cost of making copies of materials necessarily obtained for use in the case      401.54

Total Costs Taxed      $5,579.14

R. 77, PageID 1485.

Under 28 U.S.C. § 1920(1), a judge or clerk may tax "[f]ees of the clerk and marshal," including removal fees. *Jefferson v. Jefferson Cnty. Pub. Sch. Sys.*, 360 F.3d 583, 591 (6th Cir. 2004) (citing 28 U.S.C. § 1920). And as discussed above, "the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sales*, 873 F.2d at 120. Finally, § 1920(4) permits "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

Banks's motion for review of the clerk's taxing of costs specifically targeted only the cost of the second deposition—no other particular cost was challenged. On appeal Banks reiterated her challenge to the cost of the second deposition, and also argued that she should not be accountable for the removal fee here because she filed in state court, and Bosch itself created that cost by opting to remove.

Our caselaw clearly permits the taxation of costs against a losing party for the cost of removal, *Jefferson*, 360 F.3d at 591, and a deposition that is reasonably necessary for the litigation, *Sales*, 873 F.2d at 120. Because all of Bosch's other taxed costs also fall into permissible categories, and Banks has offered no evidence or argument that any of them in particular was improper, the district court did not abuse its discretion by assessing them against Banks.

## C.  Banks's claim of indigence

Banks further argues that the court erred by taxing her with Bosch's costs despite her showing of indigence.  A losing party's indigence weighs against taxing her with the winning party's costs.  *Singleton*, 241. F.3d at 539.  Nonetheless, district courts retain a substantial amount of discretion to determine whether or not to tax costs against indigent plaintiffs.  *Id*. at 539-40.  When a party claims indigency, the district court must make "a determination of his or her capacity to pay the costs assessed."  *Sales*, 873 F.2d at 120.  Furthermore, "district judges are encouraged to consider the question of indigency fully for the record."  *Abdur-Rahman v. Ballinger*, 16 F.3d 1218, 1994 WL 18011, at \*1 (6th Cir. 1994) (table) (quoting *In re Ruben*, 825 F.2d 977, 987 (6th Cir. 1987)).

Here, Banks's motion to the district court included an affidavit asserting that she has no yearly income, her only substantial asset is her car, and she is dependent on the government for healthcare.  R. 78-1, PageID 1491**.**  Banks entered no other information into the record to support her claim of indigency.  The district court opinion discussed Banks's affidavit claiming indigency, yet nonetheless concluded that she had failed to show that she was incapable of paying Bosch's costs.  Because the district court considered the facts supporting Banks's claim of indigency and her ability to pay before taxing her with Bosch's costs, we find no abuse of discretion.

## II.  CONCLUSION

For the reasons stated above, we AFFIRM the district court's order taxing Banks $5,579.14 for Bosch's litigation costs.